DRESCHER, APPELLANT, *v.*
SUMMERS, APPELLEE.

(No. 50497—Decided May 27, 1986.)

*Mario Drescher, pro se.*

*Summers, Fox & McGinty* and *Norman A. Fox, Jr.,* for appellee.

NAHRA, J. Mario Drescher, appellant *pro se*, seeks reversal of an order dismissing his lawsuit against appellee, William L. Summers. We reverse and remand for proceedings consistent with this opinion.

Appellant, currently a prisoner at the Southern Ohio Correctional Facility in Lucasville, Ohio, filed a complaint for damages *pro se* on December 14, 1982 against his former attorney, appellee, alleging a breach of contract. Appellee answered and counterclaimed. Thereafter, both sides engaged in discovery, and numerous motions concerning discovery were filed. Appellant sought an order from the trial court on several occasions to be transported for pretrial meetings at the courthouse, and each time his requests were denied. Appellant survived a motion for summary judgment of appellee.

Trial was set for June 10, 1985. Appellant moved to be transported to the courthouse to attend the trial, but the trial court denied the motion in a May 22, 1985 order.[1]

---

[1] Appellant filed a "Complaint in Prohibition" in this court on June 6, 1985 against the trial court, "to prevent the [trial court] * * * from refusing to issue an Order to the Clerk of Court * * * to convey the relator on or before June 10, 1985, to said Court for the purpose of a jury trial which has been scheduled for then." (Complaint, paragraph 1.) The request for a writ of prohibition was denied in an entry of this court dated June 13, 1985.

Proceedings were had by the trial court on June 10, 1985, attended by the appellee. Appellee moved for dismissal on the ground that appellant, proceeding *pro se,* was not present. The court responded in open court to the motion as follows:

"The Court has declined to continue this case because the Defendant [*sic*] has had ample notice of this trial and trial date. Defendant [*sic*] does have the ability to secure Legal Aid counsel. He had counsel on his own. Also had the opportunity to make arrangements to preserve his own testimony either by way of written deposition or through a videotaping. None of those kinds of entries [was] made.

"* * *

"The motion for dismissal will be granted without prejudice, so the Defendant [*sic*] may refile if he so desires."

The decision to dismiss appellant's case was journalized on June 11, 1985, and this timely appeal followed.

## I

Appellant's first assignment of error is that:

"Assignment of Error No. 1.

"The trial court's failure to furnish appellant with the notice mandated by Civil Rule 41(B)(1) before dismissing the case, for failure to prosecute constitutes reversible error."

Appellant argues the trial court was prohibited by Civ. R. 41(B)(1) from dismissing his case without first notifying him of the court's intention to dismiss.

Civ. R. 41(B)(1) provides:

"(B) Involuntary dismissal: effect thereof.

"(1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, *after notice to the plaintiff's counsel,* dismiss an action or claim." (Emphasis added.)

The Ohio Supreme Court has made clear that the notice requirement of Civ. R. 41(B)(1) is an absolute prerequisite to dismissal for failure to prosecute. *Svoboda* v. *Brunswick* (1983), 6 Ohio St. 3d 348, 6 OBR 403, 453 N.E. 2d 648; *Perotti* v. *Ferguson* (1983), 7 Ohio St. 3d 1, 7 OBR 256, 454 N.E. 2d 951. Such is the rule even where the dismissal is without prejudice, as in this case. *Svoboda, supra; Moore* v. *Emmanuel Family Training Ctr.* (1985), 18 Ohio St. 3d 64, 18 OBR 96, 479 N.E. 2d 879.

Appellant is thus correct in asserting the trial court erred by failing to notify him prior to dismissal. Had the requisite notice been sent, it is conceivable appellant would have moved to take steps such as those the trial court suggested on the record at the June 10, 1985 hearing, *supra.*

The first assignment of error is sustained.

## II

Appellant's second and third assignments of error may be taken together. They are:

"Assignment of Error No. 2.

"The trial court's dismissal of appellant's case for failure to appear at trial constitutes an abuse of discretion which violated appellant's due process rights of access to the courts in contravention of the Fourteenth Amendment of the United States Constitution and Article I, Section 16 of the Ohio Constitution.

"Assignment of Error No. 3.

"Whether the trial court abused its' [*sic*] discretion in dismissing appellant's complaint when he took every precaution prior to pre-trial and trial to guard against dismissal due to his incarceration."

Appellant argues here that, aside

from the failure of notice to appellant, the trial court abused its discretion in dismissing the case for failure to prosecute.

The record reflects the trial court was, with the exception of its failure to notify appellant under Civ. R. 41(B)(1), very careful to insure that appellant's right to pursue the lawsuit was respected. This court cannot, however, address whether or not the dismissal would have been an abuse of discretion had the trial court given appellant notice that dismissal was intended, since the propriety of dismissal after notice would depend on the circumstances at that time, *i.e.,* on appellant's response, if any, to the notice.

*Judgment reversed and cause remanded.*

PARRINO, C.J., concurs.

JACKSON, J., concurs separately.

JACKSON, J., concurring. It is my personal conviction that the rules prescribed by the Supreme Court should be scrupulously followed whenever possible. Moreover, I do not wish to see those rules trampled in the relentless intrusion of the harmless error doctrine. Therefore, I concur in the majority's strict construction of the notice requirement of Civ. R. 41.

I write separately, however, to express my misgivings about the value of reversal in this particular case.

The underlying thrust of appellant's argument is that he has an absolute constitutional right to be physically present in court for pretrial hearings and trial of his civil lawsuit. Appellant argues that "[s]imply because a person is incarcerated does not mean that he is stripped of free access to the courts and the use of legal process to remedy civil wrongs." *Wimberly* v. *Rogers* (C.A. 9,

1977), 557 F.2d 671, 673. However, the United States Supreme Court has limited the scope of that right. In *Wolff* v. *McDonnell* (1974), 418 U.S. 539, 576, 71 O.O.2d 336, 352, the court stated:

"* * * Finally, the Fourteenth Amendment due process claim based on access to the courts, *Ex parte Hull,* 312 U.S. 546 (1941); *Johnson* v. *Avery,* 393 U.S. 483 (1969); *Younger* v. *Gilmore,* 404 U.S. 15 (1971), has not been extended by this Court to apply further than protecting the ability of an inmate to prepare a petition or complaint."

Further, it is a well-established principle of law that an incarcerated plaintiff has no absolute right to be present at a civil trial. See *Holt* v. *Pitts* (C.A. 6, 1980), 619 F. 2d 558; *Heidelberg* v. *Hammer* (C.A. 7, 1978), 577 F. 2d 429; *Stone* v. *Morris* (C.A. 7, 1976), 546 F. 2d 730; *Moeck* v. *Zajackowski* (C.A. 7, 1976), 541 F. 2d 177. Although a defendant's presence may be ordered in exceptional circumstances, the decision is within the discretion of the trial court. Upon consideration of appellant's background in the case at bar (alleged escape from Florida penitentiary), I am reluctant to conclude that the trial court abused its discretion in refusing to order him transported.

I hope that the foregoing discussion dispels appellant's belief that his "right" to appear personally at trial will be vindicated.

Of course, an incarcerated plaintiff can pursue his civil lawsuit through trial to judgment, without being personally present. He has the right to retain an attorney, and present his evidence through deposition testimony. Appellant apparently eschewed that avenue of relief. In fact, he discharged his attorney three months before trial, and apparently made no attempt to replace his former counsel. Neither did he make any effort to present recorded testimony, although such recording is permitted under Civ.

R. 30 and 32. And, although appellant was well aware of the trial date, he made no arrangements to have his case presented at trial. Instead, he continued to file *pro se* motions to transport, despite the fact that the trial court had consistently denied each of these motions since October 1983. Appellant's own court filings indicate that he believed his case would be dismissed if he made no presentation at trial.

In Ohio, it is well-established that a trial court must give notice to the plaintiff's counsel (or the plaintiff, if he is proceeding *pro se*) before it may dismiss for failure to appear at a pretrial conference. *Perotti* v. *Ferguson, supra.* Such notice allows the plaintiff an "opportunity to comply with the order, correct the defect, or proceed before dismissal." *Id.* at 3, 7 OBR at 257, 454 N.E. 2d at 952. See, also, *Metcalf* v. *Ohio State Univ. Hosp.* (1981), 2 Ohio App. 3d 166, 2 OBR 182, 441 N.E. 2d 299 (error to dismiss with prejudice for failure to appear at trial, without giving required pre-dismissal notice, where plaintiff's attorney did not receive notice of the trial date).

In the case at bar, appellant was notified repeatedly of the trial date, and had at least constructive notice[2] that his case would be dismissed if he made no presentation at trial. Thus, he had an "opportunity to * * * proceed before dismissal," and he did not avail himself of that opportunity.

Accordingly, I concur.

---

[2] See *Schreiner* v. *Karson* (1977), 52 Ohio App. 2d 219, at 224, 6 O.O. 3d 237, at 239, 369 N.E. 2d 800, at 803:

"'* * * To some degree, a party must be charged with knowledge and, therefore, implied notice, of the consequences of his actions. *Link* v. *Wabash Railroad Co.* (1962), 370 U.S. 626, 632. [Plaintiffs] * * * can properly be found to have implied notice that a case may be dismissed for failure to either prosecute or obey a court order, where such failure is non-appearance for a scheduled trial."