WOODSON, Appellant,

v.

HIGHLAND BEEFALO FARMS, INC. et al., Appellees.

[Cite as *Woodson v. Highland Beefalo Farms, Inc.* (1996), 116 Ohio App.3d 38.]

Court of Appeals of Ohio,
Twelfth District, Madison County.

No. CA96–03–016.

Decided Dec. 2, 1996.

---

*Windell Woodson, pro se.*

*Earl, Warburton, Adams & Davis* and *Dick M. Warburton, Jr.,* for appellee, Highland Beefalo Farms, Inc.

*Isaac, Brant, Ledman & Teetor, Donald L. Anspaugh* and *Joanne S. Peters,* for third-party appellee, Dakota Trails, Inc.

KOEHLER, Judge.

Plaintiff-appellant, Windell Woodson, appeals *pro se* an order of the Madison County Court of Common Pleas dismissing his products liability complaint against defendants-appellees, Highland Beefalo Farms, Inc. and Dakota Trails, Inc., for want of prosecution. We reverse and remand.

On February 13, 1996, appellant, an inmate at the London Correctional Institution, requested that the trial court issue a subpoena so that he could be present for his February 20, 1996 trial. On February 16, 1996, the trial court denied appellant's request, stating that appellant "has not established a factual predicate by which the Court can determine the risks involved in requiring his presence at trial." This entry was dated February 16, 1996, but was not time-stamped by the clerk or sent to appellant until February 21, 1996.

On February 20, 1996, appellant's trial began without him being present. The record indicates that the trial judge dismissed appellant's case without prejudice for want of prosecution. On March 1, 1996, the court filed an entry journalizing the dismissal of appellant's action. This entry stated that there were "compelling reasons not to bring [appellant] to the Courthouse based on his record, security risks posed by [appellant] and his witnesses and discipline while he has been incarcerated." On appeal, appellant sets forth three assignments of error:

"Assignment of Error No. 1:

"The court below abused its discretion by not allowing the appellant, an incarcerated person to appear at his trial in order to prosecute a civil action.

"Assignment of Error No. 2:

"The court below erred by failing to provide notice of dismissal and by failing to consider other alternatives in order that appellant could prosecute his civil action.

"Assignment of Error No. 3:

"The trial court erred to the prejudice of appellant by holding an ex parte hearing in the absence of the appellant."

Determining the propriety of an involuntary dismissal for want of prosecution depends initially on whether the trial court complied with the procedural requirements of Civ.R. 41(B)(1). Thus, we begin with appellant's second assignment of error.

In his second assignment of error, appellant maintains that the trial court erred by failing to provide prior notice of dismissal of his civil action. Civ.R. 41(B)(1) governs involuntary dismissals for failure to prosecute. Civ.R. 41(B)(1) provides: "Where the plaintiff fails to prosecute, or comply with these rules or

any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

When the court proceeds under Civ.R. 41(B)(1) on its own motion to dismiss, it can do so only after notice to the plaintiff's counsel or to plaintiff. *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 350, 6 OBR 403, 404–405, 453 N.E.2d 648, 650. The "notice requirement of Civ.R. 41(B)(1) is an absolute prerequisite to dismissal for failure to prosecute. *Drescher v. Summers* (1986), 30 Ohio App.3d 271, 272, 30 OBR 469, 470, 507 N.E.2d 1170, 1171. Such is the rule even where the dismissal is without prejudice." *Id.*

In the case at bar, no notice was given to appellant by the trial court. Appellant did not receive the trial court's order denying his request to issue a subpoena for trial until February 22, 1996, two days after the February 20, 1996 trial date. Furthermore, the order was insufficient notice under Civ.R. 41(B)(1) because it did not contain any language that would have warned appellant of a possible dismissal for failure to prosecute.

We conclude that it was an abuse of discretion by the trial court to dismiss appellant's action for want of prosecution, where prior notice was not given to appellant.[1] See *Drescher*, 30 Ohio App.3d at 272, 30 OBR at 469–470, 507 N.E.2d at 1171–1172. The second assignment of error is sustained.

In his first and third assignments of error, appellant contends that the trial court erred in failing to permit him to be present at his civil trial. The record reflects that the trial court was careful to protect appellant's right to pursue his lawsuit in that the action was dismissed without prejudice. However, we cannot address the merits of appellant's first and third assignments of error, since the propriety of dismissal after notice to appellant would depend on the circumstances at that time.

*Judgment reversed*
*and cause remanded.*

WILLIAM W. YOUNG, P.J., and POWELL, J. concur.

---

1. The result in this case is consistent with the result in *Burgess v. Doe* (1996), 116 Ohio App.3d 61, 686 N.E.2d 1141. The plaintiff in *Burgess* failed to effectively serve her complaint upon one of the defendants within one year of filing her complaint as required by Civ. R. 3(A), and this court determined the action was never commenced against that defendant. As such, the notice requirement of Civ. R. 41(B)(1) was found to be inapplicable.