OPINION
Plaintiff-appellant Grenga Machine and Welding (Grenga) appeals the decision of the Youngstown Municipal Court, Small Claims Division, dismissing the case due to both Grenga's and defendant-appellee Harry Manganaro's (Manganaro) failure to appear at a hearing. This court is asked to determine whether the trial court abused its discretion in dismissing the case. For the reasons stated below, the decision of the trial court is hereby reversed and this cause is remanded.
 FACTS
On August 12, 1999, Grenga filed a complaint in Youngstown Municipal Court, Small Claims Division, against Manganaro for money due on an account. Manganaro filed a counterclaim against Grenga for problems with a pipe Manganaro purchased from Grenga.
The case proceeded before a magistrate. The magistrate recommended judgment for Manganaro on Grenga's claim and judgment for Grenga on Manganaro's counterclaim. Grenga timely filed objections. The court recommitted the case to the magistrate for a supplemental hearing. The additional hearing was held and the magistrate recommended the same judgment. Grenga timely filed objections to the magistrate's decision. For over a year a decision was not rendered. Upon Grenga's motion requesting a decision, the court rejected the magistrate's finding and remanded the case back to the magistrate for a trial de novo. A hearing date was set. Notification was allegedly sent to the parties. Neither party appeared for the hearing. The magistrate dismissed the case for failure of the parties to appear. Grenga timely filed objections and claimed he did not receive notice of the hearing. Grenga also filed a request for findings of fact and conclusions of law; the court determined this motion to be untimely. The court adopted the magistrate's recommendation and dismissed the case. This timely appeal followed.
Grenga raises three assignments of error. The first two assignments of error will be addressed together. Each deal with the process of dismissing the case.
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY HAVING A HEARING WITHOUT PROPER NOTICE TO ALL PARTIES."
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY NOT CONDUCTING AN EVIDENTIARY HEARING OF APPELLANT'S OBJECTION TO MAGISTRATE'S DECISION."
Grenga alleges he did not receive notice of the hearing. He states that due process at the minimum requires proper notice and an opportunity to be heard. Grenga argues that the case should not have been dismissed and an evidentiary hearing should have been held to determine if notice was obtained.
Neither party appeared at the hearing. The record reflects that the clerk sent notice to the parties. The record contains a journal entry directing the clerk to send notice to the parties. Attached to the entry is a copy of the envelopes correctly addressed to Grenga and Manganaro. Neither of these envelopes have a stamp on them. Along with the copy of the envelopes is a memorandum from the magistrate to the judge. This memorandum states that the postcards were placed into the envelopes and sent out. The envelopes were never returned to the clerk of courts. The magistrate stated that it could be assumed that each party received proper notice in accordance with Civ.R. 5(B). However, at every prior hearing both parties were present.
The trial court relied on Ohio Valley Radiology Assoc., Inc. v. OhioValley Hosp. Assoc. (Mar. 26, 1986), 7th Dist. No. 85J20, and Ohio ValleyRadiology Assoc., Inc. v. Ohio Valley Hosp. Assoc. (1986),28 Ohio St.3d 118, in dismissing the case. In the Seventh District case, this court decided that since the record was devoid of any evidence that notice was or was not provided, the court stated that "absent such evidence we must presume that the trial court performed its duty and afforded the litigants the notice to which they were entitled," but reversed and remanded the decision of the trial court based on default judgment principles. The Supreme Court affirmed the appellate court's reversal of the trial court's decision based on improper notice to the defending party of the time and date of the hearing. The Supreme Court stated that the record failed to indicate that the plaintiffs-appellees had reasonable notice, constructive or otherwise of the trial date sufficient to satisfy minimal due process. Ohio Valley,28 Ohio St.3d at 125. In the case at hand, the trial court held that the record reflected that minimal due process was afforded to the parties. Therefore, the trial court dismissed the case for failure of the parties to appear.
The trial court dismissed the case for failure to prosecute pursuant to Civ.R. 41(B)(1). The journal entry states that the case is dismissed due to the failure of both parties to appear at trial. Civ.R. 41(B)(1) dismissal for failure to prosecute is a decision on the merits and, as such, is dismissed with prejudice unless otherwise stated. Thomas v.Freeman, 79 Ohio St.3d 221, 224-225, 1997-Ohio-395 at ¶ 15-22. In considering dismissal under Civ.R. 41(B)(1), a trial court could take into consideration the history of the litigation including the parties dilatory conduct in a previously filed and voluntarily dismissed suit.Sazima v. Chalko (1999), 86 Ohio St.3d 151, 158, 1999-Ohio-92 at ¶26, citing Moore v. Emmanuel Family Training Ctr. Inc. (1985),18 Ohio St.3d 64, 70. However, the extremely harsh sanction for dismissal should be reserved for cases when conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party.Sazima, 86 Ohio St.3d at 158 (dismissal is reserved for those cases in which the conduct of a party is so negligent, irresponsible, continuous or dilatory as to provide substantial grounds for dismissal with prejudice for failure to prosecute or obey a court order). Absent such circumstances, a court should consider lesser sanctions before dismissing a case with prejudice. Jones v. Hartranft (1997), 78 Ohio St.3d 368,371, 1997-Ohio-203 at ¶ 17.
Dismissal of a case, whether dismissed with or without prejudice, pursuant to Civ.R. 41(B)(1) requires notice. Civ.R. 41(B)(1); Dresher v.Summers (1986), 30 Ohio App.3d 271, 272 (notice requirement contained in Civ.R. 41(B)(1) is an absolute prerequisite to dismissal for failure to prosecute). Notice allows the dismissed party the opportunity to explain the circumstances surrounding his or her nonappearance. ConstructionMaterials, Inc. v. Air Supply Fabricating, Inc. (Mar. 18, 1999), 8th Dist. No. 75004. Grenga was not provided this opportunity. Instead, the case was dismissed without prior notice. The trial court should have provided notice before dismissing the case with prejudice.
The record is devoid of any evidence that notice was provided of the trial court's intention to dismiss prior to dismissal. Therefore, the trial court abused its discretion by dismissing the case. The Ohio Supreme Court has noted that the abuse of discretion standard is heightened for review of dismissals pursuant to Civ.R. 41(B)(1) because such decisions forever deny a plaintiff review of the merits of his/her claim. Jones, 78 Ohio St.3d at 372.
Furthermore, the record does not reflect the required conduct to dismiss a case with prejudice for failure to prosecute. The case was filed in 1999. Both parties attended every hearing. Specifically, Grenga kept abreast of the happenings in the case. After the second hearing when no decision was issued, Grenga filed a request for a decision. A hearing was set, which Grenga claims neither party received notice. So from 1999 until 2001 Grenga pursued this case. Throughout this entire action, Grenga has filed objections and requests for findings of fact and conclusions of law. Considering the actions of both parties during this entire case, the failure to appear for trial does not appear to be a willful act of disobeying the court order to show up for trial. Instead, the facts lead to the conclusion that the parties may not have received notice of the trial date. Construction Materials, 8th Dist. No. 75004 (holding that the trial court erred by dismissing a case for failure to prosecute without providing the parties with notice of its intention to dismiss where the facts of the case suggested that the parties failure to appear at a pre-trial was a mis-communication problem rather than a willful violation of a court order). This type of behavior does not amount to negligent or irresponsible conduct. As such, the decision of the trial court is hereby reversed and remanded for proceedings consistent with this opinion.
Grenga's third assignment of error contends:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY OVERRULING APPELLANT'S MOTION FOR FINDING OF FACTS AND CONCLUSIONS OF LAW."
Grenga claims he filed his motion for findings of fact and conclusions of law within the time period prescribed in Civ.R. 52. He claims the trial court erred in dismissing his motion due to its alleged untimeliness.
The decision of the trial court was issued on August 27, 2001. Grenga filed his motion on September 6, 2001. This is ten days after the decision. Civ.R. 52 states that a motion for findings of fact and conclusions of law must be made no later than seven days after the party filing the request has been given notice of the court's announcement. When computing time, if the time prescribed is less than seven days then the weekends do not count, however, if the time is seven days or more then the weekends are included. Civ.R. 6(A). Seven days from August 27, 2001, would be September 4, 2001, since September 3, 2001, was a legal holiday. Therefore, the court was correct in dismissing Grenga's motion as being untimely. This issue is without merit.
For the foregoing reasons, the judgment of the trial court is hereby reversed and this cause is remanded to the trial court for further proceedings according to law and consistent with this court's opinion.
Waite, J., and DeGenaro, J., concur.