JOURNAL ENTRY and OPINION.
{¶ 1} Plaintiff-appellant Michael E. Felouzis ("Felouzis") appeals the judgment of the trial court denying his motion for continuance of trial and dismissing his case with prejudice. We find no merit to the appeal and affirm.
 {¶ 2} Felouzis commenced this action by filing a complaint against defendant-appellee Kevin M. Cochran ("Cochran") on September 30, 1999, alleging that he was injured in a rear-end motor vehicle accident. In an order dated December 20, 1999, the trial court scheduled the case for trial on August 7, 2000. However, on February 9, 2000, Felouzis voluntarily dismissed his complaint without prejudice.
 {¶ 3} Felouzis refiled his complaint on January 25, 2001. In a scheduling order issued April 19, 2001, the trial court set the case for trial on November 13, 2001. Less than one week before the scheduled trial date, on November 7, 2001, Felouzis' counsel filed a motion for continuance of trial and for leave to withdraw as counsel. The trial court rescheduled the case for trial for November 26, 2001.
 {¶ 4} According to the docket, the case was never called for trial on November 26, 2001. For some reason, the court did not expressly grant Felouzis' motion for continuance until February 19, 2002, at which time the court granted counsel's motion for leave to withdraw and rescheduled the trial for March 18, 2002. In the journal entry dated February 19, 2002, the trial court instructed Felouzis as follows: "Plaintiff is directed to obtain counsel by this date or proceed pro se, no further continuances." However, on March 15, 2002, the trial court again continued the trial, apparently because Felouzis was unrepresented by counsel and unprepared to proceed with trial. In the journal entry of March 15, 2002, the trial court continued the trial to May 20, 2002 and again instructed Felouzis as follows: "Plaintiff is directed to obtain counsel by this date or proceed pro se, no further extensions."
 {¶ 5} Felouzis' new counsel filed a notice of appearance on April 10, 2002. On May 16, 2002, two business days before the scheduled trial date, Felouzis filed another motion for continuance of trial requesting a thirty-day continuance to secure missing documentation. His lawyer also requested the continuance because he had a previously scheduled trial in a criminal case in Lake County on the same day.
 {¶ 6} The court never ruled on this last motion for continuance. On May 20, 2002, when neither Felouzis or his lawyer appeared for trial, the court dismissed the case with prejudice. Felouzis filed a timely notice of appeal.
 {¶ 7} As a preliminary matter, Cochran argues Felouzis' appeal should be dismissed because his brief fails to conform with the dictates of App.R. 12(A)(2) and App.R. 16(A)(7). These rules give an appellate court discretion to dismiss an appeal if, among other things, the appellant's brief fails to argue multiple assignments of error separately.
 {¶ 8} However, in this case, Felouzis' brief contains only two interrelated assignments of error. Although the two assignments of error are argued together, they are distinct and identifiable. Because we are able to distinguish between them, we will not dismiss Felouzis' appeal on this minor technicality, and in the interests of justice, we will consider both assignments of error.
 DENIAL OF CONTINUANCE {¶ 9} In his first assignment of error, Felouzis argues the trial court erred in failing to grant his motion for continuance. The decision whether to grant or deny a continuance rests in the sound discretion of the trial court. State v. Unger (1981), 67 Ohio St.2d 65. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} In Unger, supra, the Ohio Supreme Court enumerated a test which "balances the court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice against any potential prejudice" to the moving party to determine whether a motion for continuance should be granted. In re Kriest, 11th Dist. No. 98-T-0093, 1999 Ohio App. LEXIS 3605 at *7. Citing Unger at 67. In determining whether a continuance should be granted, the court should consider:
 {¶ 11} "* * * the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Unger at 67-68.
 {¶ 12} In Sharma v. Sahota, 11th Dist. No. 2000-G-2290, 2001-Ohio-8798, the court affirmed the trial court's denial of the plaintiff's first and only motion for continuance finding that she caused the need for the continuance by failing to retain a new lawyer before the trial. Under these circumstances, the Sharma court concluded that the inconvenience to the litigants, witnesses, opposing counsel, and the court outweighed the prejudice caused to the plaintiff.
 {¶ 13} Similarly, in the instant case, Felouzis requested and received three prior continuances from November 13, 2001 to May 20, 2002 to obtain new counsel. Felouzis' new lawyer did not enter an appearance until April 10, 2002, a little over one month before the scheduled trial date. Felouzis' own delay in retaining a new lawyer contributed to his lawyer's need for additional time to prepare for trial and for the continuance.
 {¶ 14} Further, Felouzis' new counsel had knowledge, whether actual or constructive, of the May 20 trial date when he filed his notice of appearance on April 10, 2002. "By placement of the trial date within the docket, the trial court can presume constructive knowledge of the trial date as it is generally held that parties are expected to keep themselves informed of the progress of their case." Coleman v. Esper, Cuyahoga App. No. 81067, 2002-Ohio-4926, citing Weaver v. ColwellFinancial Corp. (1992), 73 Ohio App.3d 139.
 {¶ 15} Felouzis' new counsel was aware, or should have been aware, that he had a conflicting trial date when he accepted Felouzis as a client. Felouzis knew or should have known that the trial court in this case stated in its journal entry that there would be no further continuances. Thus Felouzis' new counsel undertook representation with the knowledge, either actual or constructive, that there were conflicting trial dates and that no further continuances would be granted. Yet, Felouzis waited until two business days before the scheduled trial date to move for another continuance.
 {¶ 16} Felouzis alone contributed to the circumstances giving rise to the need for the continuance. The court rescheduled the trial date at least three times to allow him to obtain new counsel. His delay in retaining a new lawyer reduced the amount of time his lawyer would have to prepare for trial. The trial court warned Felouzis that there would be no further continuances. Felouzis and his new lawyer both disregarded the court's orders when they failed to appear for trial on May 20, 2002. Under these circumstances, we conclude the inconvenience to the litigants, opposing counsel, and the court outweighed any prejudice to Felouzis. Accordingly, the first assignment of error is overruled.
 DISMISSAL WITH PREJUDICE {¶ 17} In his second assignment of error, Felouzis argues the trial
 {¶ 18} court erred by dismissing his case with prejudice. Civ.R. 41(B)(1) allows a judge to dismiss an action with prejudice for failure to prosecute, failure to comply with the Civil Rules, or for failure to comply with a court order. The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Quonset Hut, Inc.v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 47.
 {¶ 19} Although a harsh sanction, dismissal is appropriate where a party's conduct "falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party." Sazima v. Chalko (1999),86 Ohio St.3d 151, 158, citing Moore v. Emmanuel Family Training Center,Inc. (1985), 18 Ohio St.3d 64, 70. A court may dismiss a case where "the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order." Sazima, supra at 158.
 {¶ 20} However, dismissal of a case, whether dismissed with or without prejudice, pursuant to Civ.R. 41(B)(1) requires notice. Civ.R. 41(B)(1); Drescher v. Summers (1986), 30 Ohio App.3d 271, 272 (notice requirement contained in Civ.R. 41(B)(1) is an absolute prerequisite to dismissal for failure to prosecute). Although the court is reluctant to imply notice in circumstances resulting in a dismissal with prejudice, notice of a judge's intent to dismiss under Civ.R. 41(B)(1) may be implied when "reasonable under the circumstances." Greene v. Univ. Hosp.of Cleveland (Feb. 20, 1992), Cuyahoga App. No. 59899. See also, QuonsetHut, Inc., supra at 49.
 {¶ 21} In Willis v. RCA Corp., this court found that notice can be implied for failure to appear for trial, and that the failure can result in a dismissal with prejudice, but held that the judge must first consider less drastic remedies, including dismissal without prejudice.Willis v. RCA Corp.(1983), 12 Ohio App.3d 1, 2.
 {¶ 22} In the instant case, the trial court gave Felouzis several continuances to obtain new counsel. The case, which was a refiled case, was pending on the docket for well over a year. After multiple continuances, the trial court warned Felouzis on two occasions that there would be no further continuances. Felouzis' new lawyer entered an appearance a little over a month before the last scheduled trial date. Despite actual or constructive knowledge of the trial date and that no further continuances would be granted, Felouzis waited until two business days before the trial to seek yet another continuance because his lawyer had a previously scheduled trial. Although the trial court never ruled on this last motion for continuance, neither Felouzis nor his lawyer appeared for trial at the scheduled time. We find their failure to comply with the court's orders and failure to appear for trial demonstrate a complete disregard for the judicial system and the rights of the opposing party. This sort of dilatory conduct constitutes grounds for dismissal for failure to prosecute.
 {¶ 23} Although the trial court did not expressly state in its journal entries that failure to appear for trial would result in a dismissal, such a warning may be implied by the court's admonition that there would be no further continuances. The court had no other choice but to dismiss the case. Without a plaintiff to present evidence of his claims, the defendant was entitled to a dismissal.
 {¶ 24} Finally, we find the court did not err in dismissing the case with prejudice. Because this was a refiled case it could not be dismissed without prejudice. Therefore, the court had no choice but to dismiss the case with prejudice.
 {¶ 25} Accordingly, Felouzis' second assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J. and ANN DYKE, J. CONCUR