JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Henry Thompson, Jr., executor of the estate of Linda F. Thompson, appeals the trial court's dismissal of his complaint with prejudice. He assigns the following errors for review:
"I. The trial court abused its discretion in dismissing the complaint without prior and proper notice to plaintiffs and plaintiffs' counsel of its intention to dismiss the action with prejudice."
"II. The trial court abused its discretion and committed error of law in failing to grant plaintiffs-appellants relief pursuant to Civ.R. 60(B)."
 {¶ 2} Having reviewed the record and pertinent law, we reverse the trial court's decision. The apposite facts follow.
 {¶ 3} On December 3, 2004, Thompson re-filed a medical malpractice complaint against the Cleveland Clinic Foundation (hereinafter "Clinic"). The complaint alleged that the Clinic failed to timely diagnose and treat a cancerous mass in his wife's left chest and breast area. The complaint further alleged that as a direct and proximate result of the Clinic's negligence, his wife suffered severe emotional and physical pain, which continued until her death in December 2002. The matter was set for trial on October 3, 2005.
 {¶ 4} On the morning of trial, neither Thompson nor his attorney were present. The trial court rescheduled the trial for 1:00 p.m. the same day and left a voice message at the office of Thompson's attorney, indicating that it would dismiss the case with prejudice if Thompson's attorney did not appear for trial. The trial court received a response from someone in the attorney's office, who indicated that she did not know the whereabouts of the attorney, but was returning the call as a courtesy to the court.
 {¶ 5} When Thompson's attorney failed to appear on the afternoon of October 3, 2005, the Clinic moved the trial court to dismiss the case for failure to prosecute, pursuant to Civ.R. 41(B)(1). The trial court granted the motion. On November 3, 2005, Thompson filed a motion for relief from judgment; on December 21, 2005, the trial court denied the motion. Thompson now appeals both the dismissal with prejudice and the trial court's denial of his motion for relief from judgment.
 Dismissal with Prejudice {¶ 6} In the first assigned error, Thompson argues that the trial court failed to properly comply with the notice requirement contained within Civ.R. 41(B)(1), and thus erred in dismissing his complaint with prejudice.
 {¶ 7} A trial court may dismiss an action pursuant to Civ.R. 41(B)(1) when a plaintiff fails to prosecute.[1] Civ.R. 41(B)(1) provides:
"Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
 {¶ 8} The power to dismiss for failure to prosecute is within the sound discretion of the trial court, and appellate review is confined solely to whether the trial court abused that discretion.[2] Therefore, the trial court's dismissal for failure to prosecute will not be reversed unless the trial court's decision is unreasonable, arbitrary, or unconscionable.[3]
 {¶ 9} When a trial court proceeds under Civ.R. 41(B)(1) on its own motion to dismiss, it can only do so after notice to plaintiff or to the plaintiff's counsel.[4] The notice requirement of Civ.R. 41(B)(1) is an absolute prerequisite to dismissal for failure to prosecute.[5] The notice rule applies even when the dismissal is without prejudice.[6]
 {¶ 10} The Ohio Supreme Court has stated that it is error for the trial court to dismiss plaintiff's case without notice for failure to prosecute when plaintiff and his counsel fail to appear for trial on the assigned trial date.[7] The purpose of notice is to provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.[8] Notice allows the dismissed party to explain the circumstances causing his or her nonappearance.[9] In addition, prior to dismissing a case for want of prosecution, the trial court must consider other alternatives to dismissal.[10]
 {¶ 11} In the instant case, while Thompson's attorney did fail to appear at the scheduled trial, it was not without explanation. The record reveals that at approximately 7:30 a.m., on the day the trial was scheduled to begin, Thompson's attorney underwent a medical procedure. The treating physician averred in pertinent part as follows:
"Affiant further says that Mr. Robert Sawyer reported a frightening episode on September 26, 2005 of an unusual discharge in his stool. That Mr. Sawyer was instructed to maintain a continuing observation until his appointment given date on Friday, September 30, 2005 at 3:45 P.M.
On Friday, September 30, 2005 at 3:45 P.M., Mr. Sawyer did appear and was examined. Based upon this examination, it was a decision of affiant to have Mr. Sawyer appear on Monday, October 3, 2005 at 7:30 A.M. and undergo a complete colonoscopy.
Mr. Sawyer accompanied by his wife presented himself at our Beachwood facility, where he was prepared for the procedure and administered an IV sedative. Following the procedure, Mr. Sawyer was directed to return home for bed rest and recovery from his anesthesia.
"* * *
"It is my opinion, the procedure undergone by Mr. Sawyer on October 3, 2005 was vital and medically necessary, as men of his age experience a higher degree of colon and prostate cancer.
It is my further opinion that Mr. Sawyer was incapable of performing any meaningful task for the remainder of October 3, 2005 and was directed to bed rest following the procedure of October 3, 2005."[11]
 {¶ 12} The record also reveals that on September 27, 2005, Thompson's attorney filed a motion to continue the trial in which he cited health reasons. Thompson's attorney maintains that he hand-delivered the motion to the judge's staff attorney, along with a letter addressed to the trial court. Thompson's attorney further maintains that when he delivered the motion and letter, he rendered a more detailed description of his medical condition to the judge's staff attorney. The trial court denied the motion to continue the same day.
 {¶ 13} Here, as previously noted, when Thompson's attorney failed to appear in court on the morning of October 3, 2005, the trial court gave him a three-hour window of opportunity to appear later that day. The trial court left a voice message at the attorney's office indicating that the case would be dismissed if he did not appear. In light of the medical procedure that the attorney underwent on the day the trial was scheduled to begin, there is no indication that he received the trial court's notification of its intention to dismiss the case with prejudice. As previously stated, notice allows the dismissed party to explain the circumstances causing his or her nonappearance.[12] Thompson's attorney was not afforded this opportunity before the trial court dismissed the case.
 {¶ 14} For the foregoing reasons, we conclude the trial court abused its discretion in dismissing the case with prejudice. Due process dictates that the trial court must give the party notice of dismissal and an opportunity to respond.
 {¶ 15} Our disposition of Thompson's first assigned error renders the remaining error moot. App.R. 12(A)(1)(c).
Judgment reversed and remanded for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Rocco, J., concur.
[1] Pembaur v. Leis (1982), 1 Ohio St.3d 89, 90.
[2] Id., at 91.
[3] Id.
[4] Svoboda v. City of Brunswick (1983), 6 Ohio St.3d 348,350.
[5] Drescher v. Summers (1986), 30 Ohio App. 3d 271, 272.
[6] Windell Woodson v. Highland Beefalo Farms, Inc. (Dec. 2, 1996), 12th Dist. No. CA96-03-016.
[7] Logsdon v. Nichols (1995), 72 Ohio St.3d 124.
[8] Id.
[9] Metcalf v. Ohio State Univ. Hosps. (1981),2 Ohio App.3d 166, 167; McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 356-357, Section 13.07. See also, Perotti v. Ferguson (1983),7 Ohio St.3d 1; Kracht v. Kracht (June 5, 1997), Cuyahoga App. No. 70005, 70089.
[10] Ina v. George Fraam Sons, Inc. (1993),85 Ohio App.3d 229.
[11] Affidavit of Emmanuel C. Okafor, M.D., MPH.
[12] Metcalf, supra, (1981), 2 Ohio App.3d 166.