[Cite as *X-S Merchandise, Inc. v. Wynne Pro, L.L.C.*, 2012-Ohio-2315.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97641**

---

# X-S MERCHANDISE, INC.

PLAINTIFF-APPELLANT

vs.

# WYNNE PRO, L.L.C., ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-743428

**BEFORE:** Celebrezze, P.J., Cooney, J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 24, 2012

**ATTORNEYS FOR APPELLANT**

Brian J. Green
Sean Burke
James A. Marx
Shapero & Green, L.L.C.
Signature Square II
25101 Chagrin Boulevard
Suite 220
Beachwood, Ohio   44122


**FOR APPELLEES**

Wynne Pro, L.L.C., pro se
c/o Dana Bullington
4123 Crossing Lane
Dallas, Texas   75220-5079

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Plaintiff-appellant, X-S Merchandise, Inc. ("X-S"), appeals the judgment of the common pleas court denying its motion for default judgment against defendant-appellee, Dana Bullington, and simultaneously dismissing Bullington as a defendant. After careful review of the record and relevant case law, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

{¶2} This case initially arose out of a business relationship between X-S and defendant Wynne Pro, L.L.C. ("Wynne Pro"). In 2010, Wynne Pro agreed to sell X-S certain goods, including, but not limited to, shoes for children and adults. X-S intended to resell the goods to its customers. In August 2010, X-S tendered to Wynne Pro a down payment for the goods in the amount of $29,726.13. Subsequently, Wynne Pro informed X-S that it would not be able to supply the purchased goods as agreed upon in the contract. Despite repeated demands, Wynne Pro failed to return the down payment of $29,726.13 to X-S.

{¶3} On December 13, 2010, X-S filed a lawsuit against Wynne Pro and its statutory agent, Dana Bullington, alleging breach of contract, unjust enrichment, conversion, and fraud. X-S alleged that Bullington held herself out as an authorized agent of Wynne Pro, responsible for the transaction of goods in this matter, as evidenced by her signature on the relevant purchase orders between X-S and Wynne Pro.

**{¶4}** In May 2011, X-S filed a motion for default judgment against Wynne Pro and Bullington in the amount of $29,726.13, plus interest, based on their failure to timely respond to the complaint. On June 3, 2011, the trial court granted the motion for default judgment against Wynne Pro. However, the trial court denied the motion for default judgment against Bullington based on the failure of X-S to perfect service. The trial court instructed X-S that "if service is not perfected by 06/13/2011, case will be dismissed as to this defendant without prejudice pursuant to Civil Rule 4(E)."

**{¶5}** Upon perfecting service on Bullington via publication, X-S filed a second motion for default judgment against Bullington on August 17, 2011. On September 7, 2011, the trial court held a default hearing to address the arguments raised by X-S in its motion. At the conclusion of the hearing, the trial court issued an order requesting that X-S provide additional proof of its claim against Bullington and set a default hearing for November 7, 2011.

**{¶6}** On November 10, 2011, the trial court denied the motion for default judgment against Bullington and ultimately dismissed Bullington as a defendant. In its journal entry, the trial court stated:

> Default hearing held on 11/07/2011 regarding Plaintiff X-S Merchandise, Inc.'s Motion for Default Judgment against remaining individual Defendant Dana Bullington. Motion for Default Judgment is denied as Plaintiff presented no evidence sufficient to state a cause of action against Defendant Dana Bullington individually or to pierce the corporate veil holding her personally responsible. Therefore she is dismissed as a defendant in this case.

**{¶7}** X-S now brings this timely appeal, raising two assignments of error for review.

Law and Analysis

I. Motion for Default Judgment

{¶8} In its first assignment of error, X-S argues that the trial court erred in denying its unopposed motion for default judgment.

{¶9} A trial court's decision to grant or deny a motion for default judgment is reviewed on appeal for an abuse of discretion. *Fitworks Holding L.L.C. v. Sciranko,* 8th Dist. No. 90593, 2008-Ohio-4861, ¶ 4, citing *Discover Bank v. Hicks*, 4th Dist. No. 06CA55, 2007-Ohio-4448. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶10} Civ.R. 55(A) provides in pertinent part:

(A) Entry of judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing * * * to the court * * *. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages *or to establish the truth of any averment by evidence* or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties. (Emphasis added.)

{¶11} If the court hears evidence, "it follows that the court should make its decision conform to the law as applicable to the facts proven, and if no cause of action is shown no default judgment in plaintiff's favor should be rendered." *Streeton v. Roehm*, 83 Ohio App. 148, 81 N.E.2d 133 (1st Dist.1948).

{¶12} In the instant matter, the record reflects that on September 7, 2011, and November 7, 2011, the trial court held default hearings pursuant to Civ.R. 55(A) to establish the truth of the averments raised in the complaint against Bullington "by evidence." Following the hearing, the trial court denied the motion for default judgment stating, in pertinent part: "Plaintiff presented no evidence sufficient to state a cause of action against defendant Dana Bullington individually or to pierce the corporate veil holding her personally responsible."

{¶13} Because the trial court heard the evidence against Bullington and therefrom determined that the facts did not support the allegations against her, we do not find that the trial court abused its discretion in denying the motion for default judgment. *Regency Centre Dev. Co., Ltd. v. Constr. Dimensions, Inc.*, 8th Dist. No. 81171, 2003-Ohio-5067.

{¶14} Appellant's first assignment of error is overruled.

## II. Dismissal of Defendant Bullington

{¶15} In its second assignment of error, X-S argues that the trial court erred in dismissing Bullington as a defendant before allowing it to proceed on the merits of the case. X-S maintains that the trial court failed to provide prior notice of its sua sponte dismissal.

{¶16} We note that sua sponte dismissals are certainly not per se erroneous. The Ohio Rules of Civil Procedure generally permit a court to dismiss a case with prejudice in the absence of a motion requesting such action as long as the affected party has been

given notice of the court's intention. *Perotti v. Ferguson*, 7 Ohio St.3d 1, 454 N.E.2d 951 (1983).

{¶17} The notice requirement contained within Civ.R. 41(B)(1)[1] is a prerequisite to dismissal for failure to prosecute. *Dresher v. Summers*, 30 Ohio App.3d 271, 507 N.E.2d 1170 (8th Dist.1986). The purpose of notice is "to provide the party in default an opportunity to explain the default or correct it, or to explain why the case should not be dismissed with prejudice." *Id.* at 272. Furthermore, dismissals under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted are akin to dismissals pursuant to Civ.R. 41(B)(1) in that they are "fundamentally unfair" in the absence of prior notice and an opportunity to respond. *Mayrides v. Franklin Cty. Prosecutor's Office*, 71 Ohio App.3d 381, 594 N.E.2d 48 (10th Dist.1991).[2]

{¶18} In the case at hand, our review is frustrated by the lower court's failure to state the civil rule under which the dismissal is premised. Nevertheless, in reviewing the record, the lower court failed to provide X-S with any type of notice, either written or oral, that its failure to produce sufficient evidence in support of its motion for default

---

[1] Civ.R. 41(B)(1) states: "Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

[2] The only instances of when a sua sponte dismissal of a complaint without notice is appropriate are when the complaint is frivolous or the plaintiff cannot succeed on the facts stated in the complaint. *Dunn v. Marthers*, 9th Dist. No. 05CA008838, 2006-Ohio-4923, at ¶ 11. Limiting our review solely to the allegations raised in appellant's complaint, it does not appear beyond doubt that appellant's complaint is either frivolous or obviously without merit. Accordingly, our analysis is limited to a determination of whether the trial court appropriately provided the parties with notice of its intent to sua sponte dismiss Bullington as a defendant.

judgment at the November 7, 2011 hearing would result in Bullington's dismissal as a defendant pursuant to either Civ.R. 41 or 12. Accordingly, we conclude that the trial court erred when it sua sponte dismissed the claims against Bullington without notifying all parties of its intent. *See, e.g., Capital One Bank, N.A. v. Harland*, 9th Dist. No. 09CA0010, 2009-Ohio-5890; *Thrower v. Olowo*, 8th Dist. No. 81873, 2003-Ohio-2049.

{¶19} Appellant's second assignment of error is sustained.

{¶20} Based on the foregoing, we affirm the judgment of the trial court denying the motion for default judgment, reverse the judgment of the trial court dismissing Bullington as a defendant, and remand for further proceedings consistent with this opinion.

It is ordered that appellant and appellees share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
KATHLEEN ANN KEOUGH, J., CONCUR