OPINION
{¶ 1} Plaintiff-appellant, American Orthopedics, Inc., appeals from a judgment of the Franklin County Municipal Court dismissing its complaint for failure to prosecute. Because the trial court improperly dismissed appellant's complaint, we reverse and remand the matter for further proceedings.
 {¶ 2} On July 11, 2007, appellant filed a complaint in the Franklin County Municipal Court against defendants-appellees, Theresa and Richard Goins, seeking to recover for materials and services it provided to Theresa. The appellees filed an answer *Page 2 
in which they denied owing money to appellant and alleged that appellant had already been compensated for the materials and services it provided.
 {¶ 3} The matter was scheduled for a trial to the court on October 1, 2007. On that day, the appellees and their counsel were present in court, but neither appellant nor its counsel appeared. In light of appellant's failure to appear and prosecute the matter, appellees' attorney requested the trial court to dismiss appellant's complaint. Although the record indicates the trial court attempted to call appellant's counsel, there is no indication that the trial court gave appellant or its counsel notice of its intent to dismiss the complaint. Notwithstanding, the trial court granted appellees' request and dismissed appellant's complaint.
 {¶ 4} Appellant appeals and assigns the following error:
 The trial court erred to the Prejudice of Plaintiff-Appellant American Orthopedics, Inc. by Dismissing This Case Without Prior Notice to Appellant or its Counsel, without opportunity for hearing and without sufficient Cause.
 {¶ 5} Appellant claims the trial court erred when it dismissed the complaint without first giving notice to appellant's counsel. We agree.
 {¶ 6} The trial court dismissed the complaint due to appellant's failure to appear for trial and to prosecute the case. Such a dismissal is authorized by Civ. R. 41(B)(1), which provides that a trial court, sua sponte or upon a motion of the defendant, may dismiss an action or claim where the plaintiff fails to prosecute or fails to comply with the civil rules or any court order. Such a dismissal, however, may be accomplished only after the trial court provides notice to plaintiff's counsel of its intention to dismiss the case. Carter v. Le, Franklin App. No. 05AP-173,2005-Ohio-6209, at ¶ 15. The purpose of *Page 3 
notice is to allow the absent party an opportunity to explain the circumstances that caused its nonappearance. Id., citing Logsdon v.Nichols (1995), 72 Ohio St.3d 124, 128.
 {¶ 7} In this case, when appellant failed to appear for the assigned trial date, the trial court had two options: to continue the case or to dismiss the case for failure to prosecute only after providing appellant's counsel with notice. Id. at ¶ 16. The trial court followed neither of these alternatives. Therefore, the trial court erred when it dismissed appellant's complaint for failure to prosecute without first providing appellant's counsel notice of its intent to do so. Id. at ¶ 15; Smith v. Ramsey, Noble App. No. 05 NO 329, 2006-Ohio-4859, at ¶ 15-16; Watts v. Rodgers (Nov. 28, 2001), Muskingum App. No. 01-50. Accordingly, appellant's assignment of error is sustained.
 {¶ 8} The judgment of the Franklin County Municipal Court is reversed and the matter is remanded for further proceedings consistent with law and this opinion.
Judgment reversed and cause remanded.
 SADLER and FRENCH, JJ., concur. *Page 1