OPINION
{¶ 1} Plaintiff-appellant, Douglas E. Dues, has filed a notice of appeal from an entry of the Ohio Court of Claims, dismissing appellant's complaint without prejudice for failure to prosecute.
 {¶ 2} On August 17, 2007, appellant filed a complaint in the Ohio Court of Claims, naming as defendant the state of Ohio, and alleging a claim for false imprisonment. On August 24, 2007, appellant filed an amended complaint, naming defendant-appellee, *Page 2 
Ohio Department of Rehabilitation and Correction ("department"), as a defendant in the action. The department filed an answer on September 26, 2007.
 {¶ 3} On December 17, 2007, the Court of Claims filed an entry setting forth the trial schedule. On March 26, 2008, appellant filed a motion for summary judgment. The department filed a memorandum contra the motion for summary judgment, and the Court of Claims subsequently filed an entry denying appellant's motion.
 {¶ 4} On June 19, 2008, the Court of Claims filed an entry reflecting that the court had attempted to conduct a discovery status conference on June 12, 2008, but that appellant was not available. On September 22, 2008, the Court of Claims filed an entry of dismissal providing that the court attempted to conduct a pre-trial conference with the parties on September 4, 2008, but that appellant was again unavailable. The entry further stated: "The court notes that plaintiff was also unavailable for a scheduled conference on June 12, 2008, and that plaintiff failed to file a pretrial statement as required by the local rules of this court and the court's December 17, 2007 trial order." Finding that appellant had failed to prosecute the action, the Court of Claims dismissed his complaint without prejudice pursuant to Civ. R. 41(B)(1).
 {¶ 5} On appeal, appellant sets forth the following single assignment of error for this court's review:
 The trial court erred to the prejudice of the plaintiff by dismissal of plaintiff's case for failure to prosecute without prior Notice to the Plaintiff in accordance with Civ. R. 41(B)(1).
 {¶ 6} Appellant argues that the trial court erred in dismissing his action without providing him notice of its intent to dismiss. In support, appellant cites this court's decision in Am. Orthopedics, Inc.v. Goins, 10th Dist. No. 07AP-898, 2008-Ohio-2301, in *Page 3 
which we held that a trial court erred in dismissing a complaint for failure to prosecute without first providing notice of its intent to dismiss the complaint.
 {¶ 7} In response, the department argues that the Court of Claims' dismissal is not a final appealable order as the dismissal was without prejudice, and because appellant is not precluded from refiling his complaint. We agree.
 {¶ 8} Civ. R. 41(B)(1) states: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Civ. R. 41(B)(3) states in relevant part: "A dismissal under division (B) of this rule * * * operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies."
 {¶ 9} In general, "a dismissal without prejudice constitutes `an adjudication otherwise than on the merits' with no res judicata bar to refiling the suit." Johnson v. H M Auto Serv., 10th Dist. No. 07AP-123, 2007-Ohio-5794, ¶ 7, quoting Thomas v. Freeman,79 Ohio St.3d 221, 225, fn. 2, 1997-Ohio-395. The reason for this is because a trial court's dismissal without prejudice "places the parties in the same position they were in before they filed the action." Johnson, at ¶ 7. Additionally, a dismissal without prejudice is generally "not a final appealable order, so long as a party may refile or amend a complaint." Id. See also Hattie v. Garn (Dec. 29, 1999), 9th Dist. No. 98CA007208 ("[a] dismissal without prejudice is not a final determination of the rights of the parties and does not constitute a judgment of final order when refiling or amending of the complaint is possible"). *Page 4 
 {¶ 10} In the instant case, the Court of Claims' entry of dismissal stated it was dismissing the complaint "without prejudice, pursuant to Civ. R. 41(B)(1)." Under Ohio's savings statute, R.C. 2305.19, an action that "fails otherwise than upon the merits" may be refiled by a plaintiff "within one year after the date of * * * the plaintiff's failure otherwise than upon the merits." Here, appellant's complaint failed "otherwise than upon the merits," and the savings statute provides relief for appellant by permitting a refiling of his complaint within one year from dismissal. Accordingly, "the trial court's dismissal without prejudice was not a final appealable order," and this court is without jurisdiction to consider appellant's assignment of error. Johnson, at ¶ 9.
 {¶ 11} Based upon the foregoing, appellant's appeal is hereby dismissed for lack of a final appealable order.
Appeal dismissed.
BRYANT and SADLER, JJ., concur.