SELMON, Appellant,

v.

CRESTVIEW NURSING & REHABILITATION CENTER, INC., et al., Appellees.

[Cite as *Selmon v. Crestview Nursing & Rehab. Ctr., Inc.*, 184 Ohio App.3d 317, 2009-Ohio-5078.]

Court of Appeals of Ohio,
Seventh District, Belmont County.

No. 09 BE 3.

Decided Sept. 28, 2009.

318

Christopher Regan and James Stoneking, for appellant.

Brian Kopp and Douglas Fifner, for appellees.

Per Curiam.

{¶ 1} Plaintiff-appellant, Gloria Selmon, individually and as executor of the estate of Douglas Selmon, filed a timely notice of appeal from the sua sponte decision of the Belmont County Common Pleas Court dismissing her complaint

without prejudice, pursuant to Civ.R. 41(B), against defendants-appellees, Crestview Nursing & Rehabilitation Center, Inc., and Crestview Nursing & Rehabilitation Center, Inc., d.b.a. Crestview Health Care Center (collectively referred to as "Crestview"). Due to the fact that not all Civ.R. 41(B) dismissals are final, appealable orders, we ordered the parties to file jurisdictional memorandum. Consequently, the sole issue before this court at this time is whether the Civ.R. 41(B) dismissal without prejudice is a final, appealable order.

{¶ 2} Our court has previously stated that generally an involuntary dismissal without prejudice is not a final, appealable order. *Clones v. Kohli,* 7th Dist. No. 02CA121, 2003-Ohio-3472, 2003 WL 21500203, ¶ 5, citing *Van–American Ins. Co. v. Schiappa* (Apr. 29, 1999), 7th Dist. Nos. 97JE42 and 97JE46, 1999 WL 260904. Other appellate courts have held likewise. *Dues v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 08AP–943, 2009-Ohio-1668, 2009 WL 930046, ¶ 9–10; *Arner v. Andover Bank,* 11th Dist. No. 2008–A–0056, 2008-Ohio-5857, 2008 WL 4880882, ¶ 2; *Thompson v. Ohio State Univ. Hosps.,* 10th Dist. No. 06AP–1117, 2007-Ohio-4668, 2007 WL 2668745. Courts hold this way because a dismissal without prejudice leaves the parties in the same position they were in prior to the action's being filed; the action is treated as though it had never been commenced. *Arner,* 11th Dist. No. 2008–A–0056, 2008-Ohio-5857, 2008 WL 4880882, at ¶ 2, citing *Johnson v. H & M Auto Serv.,* 10th Dist. No. 07AP–123, 2007-Ohio-5794, 2007 WL 3148981. Therefore, a dismissal without prejudice is not a final determination of the rights of the parties and does not constitute a final order pursuant to R.C. 2505.02, because the parties have the ability to refile the complaint. *Davis v. Paige,* 5th Dist. No. 2007 CA 00248, 2008-Ohio-6415, 2008 WL 5147820, ¶ 31, citing *Lantsberry v. Tilley Lamp Co.* (1971), 27 Ohio St.2d 303, 56 O.O.2d 179, 272 N.E.2d 127; *Schindler v. Std. Oil Co.* (1956), 165 Ohio St. 76, 59 O.O. 82, 133 N.E.2d 336; and *McIntosh v. Slick,* 5th Dist. Nos. 2001CA00268 and 2001CA00273, 2002-Ohio-3599, 2002 WL 1485120. However, in some instances, refilling is not an option, because the statute of limitations has already run and the saving statute, R.C. 2305.19, has previously been invoked. In those instances, even a dismissal without prejudice may be a final, appealable order. *Dues,* 10th Dist. No. 08AP–943, 2009-Ohio-1668, 2009 WL 930046, at ¶ 10; *Thompson,* 10th Dist. No. 06AP–1117, 2007-Ohio-4668, 2007 WL 2668745, at ¶ 24–28.

{¶ 3} Here, the record shows that the complaint was dismissed without prejudice. Furthermore, while the statute of limitations has run on Gloria's claim, she admits and the record confirms that the saving statute has not yet been invoked. The saving statute, R.C. 2305.19(A), permits a plaintiff, even after the statute of limitations has expired, to refile a claim that "fails otherwise than upon the merits" within one year after the date of "the plaintiff's failure

otherwise than upon the merits." However, this statute "can be used only once to refile a case." *Hall v. Northside Med. Ctr. & Internal Medicine–Surgical Ctr.,* 178 Ohio App.3d 279, 2008-Ohio-4725, 897 N.E.2d 717, ¶ 36, citing *Thomas v. Freeman* (1997), 79 Ohio St.3d 221, 227, 680 N.E.2d 997. Thus, since the saving statute is still available to Gloria, she can refile the complaint.

{¶ 4} Hence, when the above general law is applied, it appears that the dismissal order is not a final, appealable order. However, Gloria contends that the general law is not applicable in this instance. In trying to distinguish this case from the above espoused law, she argues the following three points: (1) since the order extinguishes a right belonging to her, it is appealable under *Lippus v. Lippus,* 6th Dist. No. E–07–003, 2007-Ohio-6886, 2007 WL 4464953, (2) when a court fails to give prior notice of its involuntary dismissal without prejudice, that ruling is a final, appealable order pursuant to *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 6 OBR 403, 453 N.E.2d 648, and (3) because there are allegations that Judge Martin (the judge hearing the matter) made knowingly false statements, violated ethics rules, and acted in his own interest, review is appropriate under *Van–American,* 7th Dist. Nos. 97JE42, 97JE46, 1999 WL 260904. The first two arguments are addressed simultaneously.

{¶ 5} There are two Ohio Supreme Court decisions that courts have found to control this issue of whether a dismissal without prejudice with or without prior notice is a final, appealable order. They are *Hensley v. Henry* (1980), 61 Ohio St.2d 277, 15 O.O.3d 283, 400 N.E.2d 1352, and *Svoboda,* 6 Ohio St.3d 348, 6 OBR 403, 453 N.E.2d 648. *Dues,* 10th Dist. No. 08AP–943, 2009-Ohio-1668, 2009 WL 930046, ¶ 5–11; *Davis,* 5th Dist. No. 2007CA00248, 2008-Ohio-6415, 2008 WL 5147820, ¶ 20–41; *Ebbets Partners, Ltd. v. Day,* 171 Ohio App.3d 20, 2007-Ohio-1667, 869 N.E.2d 110, ¶ 13; *Stafford v. Hetman* (June 4, 1998), 8th Dist. No. 72825, 1998 WL 289383.

{¶ 6} In *Hensley,* prior to trial, the plaintiff requested a continuance, which was denied by the trial court. The plaintiff then voluntarily dismissed the cause of action without prejudice pursuant to Civ.R. 41(A)(1)(a). The plaintiff then discovered that refiling might be barred by the statute of limitations and filed a Civ.R. 60(B) motion to vacate the voluntary dismissal. The trial court granted the relief. The appellate court affirmed that ruling and held that Civ.R. 60(B) permitted the trial court to relieve a plaintiff from the consequences of Civ.R. 41(A)(1). The Supreme Court held that the voluntary dismissal pursuant to Civ.R 41(A)(1) did not operate as an adjudication on the merits because the plaintiff had not previously dismissed in any court an action based on the same claim and because the notice of dismissal did not otherwise state it should so operate. *Hensley,* 61 Ohio St.2d at 279, 15 O.O.3d 283, 400 N.E.2d 1352. It then concluded that the trial court could not vacate the Civ.R. 41(A)(1) dismissal,

because Civ.R. 60(B) permits the court to grant relief only from final judgments. Id.

{¶ 7} In *Svoboda,* after filing the complaint, the plaintiff's counsel withdrew from the case. The plaintiff requested that the trial court grant him 30 days to retain new counsel, which it did. After the 30 days had elapsed and the plaintiff still had not retained counsel, the trial court contacted the plaintiff and urged him to obtain counsel and informed him that if he did not retain counsel, the court would dismiss the case. The defendants then filed their answer to the complaint. A couple of months later, the court sent a letter to the plaintiff instructing him to contact the court within ten days or the case would be dismissed. The plaintiff, without counsel, did not respond. After the ten days elapsed, the court dismissed the cause without prejudice for want of prosecution. A few months after the dismissal, the plaintiff, with newly retained counsel, filed a motion to vacate the dismissal on the basis of Civ.R. 60(B)(1), excusable neglect. The trial court overruled the motion, and the appellate court affirmed that ruling. On appeal, the Ohio Supreme Court found that the trial court had erred in dismissing the cause for want of prosecution because the trial court failed to give the plaintiff or the plaintiff's counsel notice of its intent to dismiss. *Svoboda,* 6 Ohio St.3d at 350, 6 OBR 403, 453 N.E.2d 648. It also added:

{¶ 8} "Furthermore, since the trial court had no right to order plaintiff to obtain legal counsel, it had no right or power to make a valid 'court order' within the meaning of Civ.R. 41(B)(1) to that effect, and then to dismiss the action for failure to comply with such *void* court order." (Emphasis sic.) Id. at 350, 6 OBR 403, 453 N.E.2d 648.

{¶ 9} As can be seen by a discussion of the two cases, the *Svoboda* court did not discuss whether the involuntary dismissal without prejudice was a final order; rather, it reached the merits of the case. *Hensley,* on the other hand, determined that the voluntary dismissal without prejudice was not a final order and did not reach the merits.

{¶ 10} One distinguishing factor between the cases is that in *Svoboda,* the plaintiff did not get prior notice of the dismissal, while in *Hensley* there was notice (since it was a voluntary dismissal). Despite that difference, as stated above, some appellate courts when looking at both cases have found that an involuntary dismissal without prejudice without prior notice is not a final, appealable order. *Dues,* 10th Dist. No. 08AP–943, 2009-Ohio-1668, 2009 WL 930046, ¶ 5–11; *Davis,* 5th Dist. No. 2007CA00248, 2008-Ohio-6415, 2008 WL 5147820, ¶ 20–41; *Ebbets Partners,* 171 Ohio App.3d 20, 2007-Ohio-1667, 869 N.E.2d 110, ¶ 13; *Stafford,* 8th Dist. No. 72825, 1998 WL 289383.[1]

---

1. We have not ruled on the issue. In *Van–American,* we noted that courts have reversed a dismissal without prejudice when the dismissal was entered without notice to plaintiffs.

{¶ 11} For instance, the court in *Ebbets Partners*, in examining the *Svoboda* and *Hensley* holdings, provided the following reasoning for reaching its conclusion that an involuntary dismissal without prejudice without prior notice is not a final, appealable order:

{¶ 12} "We note, however, that some Ohio courts have reversed trial court dismissals without prejudice when plaintiffs were not afforded notice of the dismissals. For example, in *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348[, 6 OBR 403], 453 N.E.2d 648, the Ohio Supreme Court found that the plaintiff was entitled to relief from judgment dismissing his negligence claim when the trial court's dismissal was not authorized under Civ.R. 41(B)(1) and when the trial court had failed to give prior notice to the plaintiff or his counsel that the action would be dismissed. Id. at 350, 6 OBR 403, 453 N.E.2d 648. However, as pointed out by the Eighth District, the court did not address the finality issue related to whether a dismissal without prejudice is appealable. *Stafford*, Cuyahoga App. No. 72825, 1998 WL 289383. Instead, *Svoboda* implies that courts retain some jurisdiction on dismissals without prejudice so that issues may be reviewed on appeal. Id. This appears to contradict the Supreme Court's decision in *Hensley*, 61 Ohio St.2d 277, 15 O.O.3d 283, 400 N.E.2d 1352. There, the court held that the trial court was not authorized to grant the plaintiff relief under Civ.R. 60(B) when the plaintiff's voluntary dismissal without prejudice under Civ.R. 41(A)(1)(a) did 'not operate "as an adjudication upon the merits." ' Id. at 279, 15 O.O.3d 283, 400 N.E.2d 1352. Accordingly, relief pursuant to Civ.R. 60(B) was not applicable, as the plaintiff's notice of dismissal was not a final judicial determination. Id. The same conclusion must be made concerning an involuntary dismissal without prejudice under Civ.R. 41(B)(1). The determinative characteristic is that the dismissal is without prejudice. See *Christian* [*v. McFarland* (June 20, 1997) ], Montgomery App. No. 15984[, 1997 WL 337654]." *Ebbets Partners*, 171 Ohio App.3d 20, 2007-Ohio-1667, 869 N.E.2d 110, ¶ 13.

{¶ 13} Gloria disputes the above holding and reasoning by directing this court to four other cases that she contends find the lack of prior notice renders the dismissal a final, appealable order. The first case she cites is *Drescher v. Summers* (1986), 30 Ohio App.3d 271, 30 OBR 469, 507 N.E.2d 1170 (Eighth Appellate District). In the first assignment of error, it was argued that the court failed to give notice before it involuntarily dismissed the complaint without prejudice. The appellate court found merit with that argument. However, in doing so, it did not address the finality of the order appealed.

---

However, we stated that there was nothing in the record to suggest that the complaint was dismissed without notice to plaintiffs. 7th Dist. Nos. 97JE42 and 97JE46, 1999 WL 260904.

{¶ 14} *Drescher* could be read to be an implicit indication that an involuntary dismissal without prejudice that is without prior notice is a final, appealable order. Yet as explained above, 12 years after *Drescher* was decided, the Eighth Appellate District concluded in *Stafford* that an involuntary dismissal without prejudice without prior notice was not a final, appealable order. In doing so, it acknowledged that its prior decision in *Drescher* did not address the finality of the order. It appears from *Stafford* that the court would now find that the order in *Drescher* was not a final, appealable order.

{¶ 15} The next case cited is *Rogers v. United Presidential Life Ins.* (1987), 36 Ohio App.3d 126, 521 N.E.2d 845 (Tenth Appellate District). Similar to *Drescher*, in this case the court found that there was no prior notice of the dismissal without prejudice and the court did not discuss whether the Civ.R. 41 dismissal order was a final, appealable order. Given the Tenth Appellate District's recent holding in *Dues* (discussed above), it appears that now the Tenth District would find that the order was not a final order. That conclusion could equally apply to the other Tenth Appellate District case, *Cunningham v. Cunningham* (June 16, 1998), 10th Dist. No. 97APF10–1409, 1998 WL 318846, cited by Gloria.

{¶ 16} The last case cited is *Woodson v. Highland Beefalo Farms, Inc.* (1996), 116 Ohio App.3d 38, 686 N.E.2d 551 (Twelfth District). This case follows the holding in *Drescher* and found that notice was not provided. However, like *Drescher*, it also did not address the final and appealable nature of the order appealed.

{¶ 17} Unlike the *Ebbets Partners* line of cases, these cases cited by Gloria are not very instructive, since they do not directly address whether the order was a final, appealable order. Likewise, they do not help in resolving any perceived conflict between *Hensley* and *Svoboda*, since they do not discuss *Hensley* and its holding.

{¶ 18} There is only one other case that discusses *Hensley* and *Svoboda*, and that is *Lippus*, 6th Dist. No. E–07–033, 2007-Ohio-6886, 2007 WL 4464953. *Lippus* is the reconsideration of the Sixth District's prior dismissal of the appeal for lack of a final appealable order. Appellant argued on reconsideration that the trial court order should be deemed a final order because if the case was dismissed she would lose her right to collect the ordered but unpaid child- and spousal-support payments due to her that accumulated during the pendency of the divorce. She additionally argued that she was not provided prior notice of the involuntary dismissal without prejudice. The court, in granting the reconsideration and reinstating the appeal, did not rely on the "without prior notice" aspect of Civ.R. 41(B) dismissal in reaching its conclusion, but, rather, relied on the other argument—that she would be giving up a substantial right. In holding that it was a final, appealable order, the court stated:

{¶ 19} "In our view, the obvious difference between the *Hensley* case and the *Svoboda* case is that in *Svoboda* the dismissal was involuntary. We find that where a party's case is involuntarily dismissed by the trial court, and because of that dismissal any rights of the party are extinguished and will not be able to be reasserted in a refiled case, that party has the right to appeal the dismissal pursuant to R.C. 2505.02(B)(1) because it is '[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment.' In the instant case, the judgment that is prevented is plaintiff's claim for ordered but unpaid child and spousal support payments that had accumulated during the pendency of the divorce." Id. at ¶ 12.[2]

{¶ 20} While the *Lippus* court uses the distinction of involuntary versus voluntary, it does not primarily rely on that distinction. If it had relied predominantly on that distinction it would have dismissed the cause without further discussion. Instead, it discussed the divorce proceedings and found that a substantial right was affected, i.e., the right to child and spousal support during the pendency of the action.

■ {¶ 21} Having reviewed all of these cases, we find that the four cases cited by Gloria that purportedly show that a dismissal without prejudice without prior notice is a final, appealable order do not support that position, because they do not discuss the finality of the order. Furthermore, we tend to agree with the *Ebbets Partners* line of cases, which hold that an involuntary dismissal without prejudice is not a final, appealable order. However, we qualify that holding by stating that in some instances, such a dismissal could be a final, appealable order if a substantial right is affected, such as was found in *Lippus*.

{¶ 22} That said, this case is not analogous to *Lippus*. The holding in *Lippus* is specific to the context of a divorce action with child- and spousal-support issues, where it is plausible to see that a substantial right is affected by the involuntary dismissal. However, in this instance, we are not dealing with child or spousal support. Rather, Gloria's claim alleges negligence by a nursing home, and the substantial rights claimed to be lost by the involuntary dismissal are the scheduled trial date (allegedly both parties were prepared to go forward on that date) and the ability to voluntarily dismiss the case and invoke the saving statute.

{¶ 23} These alleged substantial rights are not equivalent to the substantial rights found in *Lippus*. The fact that discovery was completed and the case was ready for trial is not a loss of a substantial right. Although it allegedly took two years to prepare the case for trial, that preparation is not lost by having to refile

---

2.   The *Lippus* court asserted that its decision was at odds with *Ebbets Partners* and *Stafford* and as such certified a conflict to the Ohio Supreme Court. However, that appeal was not perfected by the parties.

the case. The discovery completed in the dismissed case could be refiled in the new case. The case would still be trial ready; the only setback would be a later trial date. Furthermore, the fact that upon refiling Gloria will have to use the saving statute, which will preclude her from using it again if the case is dismissed without prejudice, is not a loss of substantial rights. As cited above, courts have consistently indicated that if the case can be refiled under the statute of limitations *or the saving statute*, then the order is not a final, appealable order. *Dues*, 10th Dist. No. 08AP–943, 2009-Ohio-1668, 2009 WL 930046, at ¶ 10; *Thompson*, 10th Dist. No. 06AP–1117, 2007-Ohio-4668, 2007 WL 2668745, at ¶ 24–28. Thus, those courts are not finding that there is a loss of a substantial right when the refiling requires invocation of the saving statute.

{¶ 24} Consequently, we do not find that this case is analogous to *Lippus* and we do not find that a substantial right, like the one found in *Lippus*, is present in this case. Therefore, Gloria's first two arguments that the Civ.R. 41(B) order is a final, appealable order fail.

{¶ 25} The third argument made is that this court's *Van–American* decision supports the position that when a trial court makes knowingly false statements and dismisses a case to clear its own docket and not for reasons that had anything to do with the conduct of the parties, the dismissal without prejudice is a final, appealable order. In that case we stated:

{¶ 26} "We should prefer to reach the merits of this case, particularly where, as here, we believe the trial court's dismissal was partly in error. We agree with the court in *Stafford*, supra, that reviewing dismissals without prejudice may be desirable, since absent appellate review trial courts would have *carte blanche* in dismissing matters as long as they did so without prejudice." *Van–American Ins.*, 7th Dist. Nos. 97JE42, 97JE46, 1999 WL 260904.

{¶ 27} Other than this quote acknowledging the danger in giving trial judges unfettered power to dismiss a case and not have that dismissal reviewed, *Van–American* provides no guidance in the issue at hand. *Van–American* did not deal with an involuntary dismissal without prejudice without prior notice, nor did it involve a claim that the trial court made knowingly false statements to further its own goal. If we were to find merit in Gloria's argument, that would mean that anytime the integrity of the judicial system was called into question by the actions of the acting trial judge, the order would be final. The problem with that is that there is no basis in case law for a finding that the actions of the trial judge would cause an otherwise nonfinal order to become final. Thus, her argument to the contrary is meritless.

{¶ 28} For the foregoing reasons, we find that the trial court's involuntary dismissal without prejudice without prior notice is not a final, appealable order,

because Gloria has failed to show that a substantial right was affected by the dismissal. Thus, the appeal is hereby dismissed. Costs taxed against appellant.

Cause dismissed.

VUKOVICH, P.J., and WAITE and DeGENARO, JJ., concur.