[Cite as *Lakeview Holding, L.L.C. v. DeBerry*, 2013-Ohio-1457.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA


JOURNAL ENTRY AND OPINION
**No. 99033**


# LAKEVIEW HOLDING (OH), L.L.C. (LAKEVIEW HOLDING, L.L.C.)

PLAINTIFF-APPELLANT

vs.

# JAMES FLEMISTER DEBERRY, ET AL.

DEFENDANTS-APPELLEES


**JUDGMENT:**
DISMISSED


Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-773777

**BEFORE:** Kilbane, J., Jones, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** April 11, 2013

**ATTORNEYS FOR APPELLANT**

Kirk W. Liederbach
Matthew A. Marsalka
Maureen C. Zink
Law Offices of Schwartz and Associates
27 N. Wacker Drive, #503
Chicago, Illinois 60606

**ATTORNEYS FOR APPELLEES**

**For James Flemister DeBerry**

James Flemister DeBerry, pro se
23751 S. Woodland Road
Shaker Heights, Ohio 44122

**For Cuyahoga County Treasurer**

Timothy J. McGinty
Cuyahoga County Prosecutor
Judith Miles
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

**For National City Bank**

National City Bank
6750 Miller Road, LOC 7120
Brecksville, Ohio   44141

**For State of Ohio, Department of Taxation**

Mike DeWine
Ohio Attorney General
By: Robert J. Byrne
Assistant Attorney General
Collections Enforcement Section
150 East Gay Street, 21st Floor
Columbus, Ohio 43215-3130

**For United States Attorney's Office**

Steven M. Dettelbach
United States Attorney
Northern District of Ohio
By: Marlon A. Primes
Assistant United States Attorney
U.S. Courthouse, Suite 400
801 West Superior Avenue
Cleveland, Ohio   44113-1852

MARY EILEEN KILBANE, J.:

{¶1} Lakeview Holding L.L.C. ("Lakeview") appeals from the order of the trial court that dismissed its tax certificate foreclosure action because it was not filed within 120 days of the filing of a notice of intent to foreclose as required by R.C. 5721.37. The trial court's order indicates that the case was "dismissed, subject to refiling," and that neither the general six-year statute of limitations for commencing such actions nor Lakeview's tax certificate has expired. We conclude that the trial court's dismissal does not affect a substantial right and does not determine the action and prevent a judgment. Accordingly, there is no final appealable order in this matter and the appeal must be dismissed.

{¶2} On October 23, 2009, CapitalSource Bank FBO Aeon Financial, L.L.C. ("CapitalSource") purchased Tax Certificate B2009-1-1769, a tax certificate for the 2007-2008 tax year delinquency for a parcel located at 23751 S. Woodland Road, Shaker Heights, and owned by James Flemister DeBerry. CapitalSource recorded the tax certificate with the county recorder, then sold it to Lakeview on August 31, 2010. Pursuant to the terms of the certificate that was filed with the county recorder, it remains valid for six years or until October 23, 2015.

{¶3} On August 31, 2010, Lakeview purchased tax certificate S2010-2-232 for the 2009 tax delinquency for the parcel. It recorded this certificate with the county

recorder  On August 26, 2011, Lakeview purchased tax certificate S2011-4-26 for the 2010 tax delinquency for the parcel and recorded this tax certificate.

{¶4} Pursuant to R.C. 5721.37(A), the tax certificate holder can initiate foreclosure no sooner than one year after the purchase of the tax certificates.  Property owners have the opportunity to redeem the certificates, and thereby remove the lien, by paying the certificate holder the purchase price plus interest, penalties, and costs.  R.C. 5721.38.  Pursuant to R.C. 5721.37(C)(2), which became effective on September 22, 2008, a tax foreclosure complaint must be filed within 120 days after filing the notice of intent to foreclose.

{¶5} On August 30, 2011, Lakeview filed a notice of intent to foreclose, pursuant to R.C. 5721.37, seeking to foreclose upon tax certificate B2009-1-1769 for the 2007-2008 tax years.  Thereafter, on January 18, 2012, or approximately 141 days later, Lakeview filed a complaint for foreclosure against DeBerry, alleging that the tax delinquencies remained unpaid.  On August 21, 2012, the magistrate recommended that the matter be "dismissed, subject to refiling" because Lakeview did not file its tax foreclosure complaint within 120 days of filing the notice of intent to foreclose.  The magistrate reasoned that the 120-day filing requirement of R.C. 5721.37(C) is a condition precedent that must be met before the complaint is deemed properly filed.  The magistrate noted, however, that "the procedure to be used for correcting a failure to file a Complaint within 120 days of filing the Notice of Intent to Foreclose with the County treasurer is to file a new Notice of Intent."

**{¶6}** On September 4, 2012, Lakeview filed objections to the magistrate's recommendation, arguing that R.C. 5721.37(C)'s 120-day interval between the filing of the notice of intent to foreclose and the filing of the complaint is not a jurisdictional prerequisite, but rather, renders the complaint subject to dismissal if the opposing party raises this issue as an affirmative defense. Lakeview further argued that such affirmative defenses are waived if not raised by the opposing party and may not be raised sua sponte by the court.

**{¶7}** On September 24, 2012, the trial court overruled Lakeview's objections and adopted the magistrate's recommendation. Lakeview now appeals and assigns the following errors for our review:

### Assignment of Error 1

A trial court's dismissal without notice is reviewable under an abuse of discretion standard.

### Assignment of Error 2

The trial court erred in sua sponte raising and deciding defenses to Plaintiff's complaint that were not raised by any party.

### Assignment of Error 3

The trial court erred in finding a jurisdictional bar to Plaintiff's complaint.

**{¶8}** Within these assignments of error, Lakeview complains that the court sua sponte raised the issue of failure to comply with R.C. 5721.37(C)(2), and it erroneously determined that the requirements of this statute are a condition precedent to a properly pled complaint for foreclosure upon a tax certificate.

### Jurisdiction — Dismissal Without Prejudice

**{¶9}**  Courts of appeals have jurisdiction to review final orders.  Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2505.03.  In general, a trial court's dismissal of a matter without prejudice is not a final appealable order.  *See Zimmie v. Zimmie*, 11 Ohio St.3d 94, 464 N.E.2d 142 (1984).  An order is final, however, if it "affects a substantial right in an action that in effect determines the action and prevents a judgment."  R.C. 2505.02(B)(1).  The appellant must demonstrate that, in the absence of immediate review of the order, it will be denied effective relief in the future.  *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993), *modified on other grounds*, *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 1994-Ohio-324, 635 N.E.2d 331.

**{¶10}** In this matter, however, the dismissal without prejudice does not determine the action and does not prevent a judgment because the certificate has not expired and the six-year statute of limitations has not yet expired.  Lakeview may therefore simply refile its notice of intent, then refile the foreclosure complaint within 120 days of that notice.  Indeed, the lower court noted that the case was "dismissed, subject to refiling." Lakeview cites to *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 453 N.E.2d 648 (1983), to support its claim that the matter is subject to review herein.  In *Svoboda*, however, unlike this matter, the plaintiff could not refile the matter following the court's dismissal without prejudice because the plaintiff had previously dismissed the action.  *See Selmon v. Crestview Nursing & Rehab. Ctr., Inc.*, 184 Ohio App.3d 317, 2009-Ohio-5078, 920 N.E.2d 1017 (7th Dist.).

**{¶11}** Accordingly, there is no final appealable order herein, and the appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., P.J., and
TIM McCORMACK, J., CONCUR