[Cite as *Isreal v. G-Core Automotive Corp.*, 2013-Ohio-4461.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael Isreal, | : | |
| Plaintiff-Appellant, | : | |
| | : | **No. 13AP-201** |
| v. | : | (C.P.C. No. 12CVC02-1986) |
| G-Core Automotive Corporation, | : | **(REGULAR CALENDAR)** |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on October 8, 2013

*Michael Isreal*, pro se.

*Anna M. Wachtell*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Plaintiff-appellant, Michael Israel, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his complaint against defendant-appellee, G-Core Automotive Corporation. Because the trial court's judgment is not a final, appealable order, we dismiss this appeal.

I. Factual and Procedural Background

{¶ 2} On February 15, 2012, appellant filed a pro se complaint in the trial court alleging that he slipped and fell on some ice while on appellee's property and sustained personal injuries. As part of the action's original case schedule created at the time of appellant's filing, an initial status conference was scheduled for April 25, 2012. Counsel for appellee attended the conference, but appellant did not appear. As a result, on April 27, 2012, the trial court ordered appellant to show cause within ten days why the case should not be dismissed for failure to prosecute. In response, appellant filed an

"Excusable Neglect" motion in which he explained that he missed the initial status conference because he thought the conference was in May. The trial court apparently found this explanation to be sufficient because, on May 8, 2012, it concluded that dismissal was not appropriate at that time and scheduled another status conference for May 30, 2012. Appellant did appear at that conference.

{¶ 3} Pursuant to the original case schedule, a final pre-trial conference was scheduled for January 30, 2013 and trial was scheduled for February 13, 2013. Appellant did not appear at the final pre-trial conference. The trial court again ordered appellant to show cause within ten days why the case should not be dismissed for failure to prosecute. In response, appellant filed two "Excusable Neglect" motions in which he attempted to justify his failure to appear at the conference. The trial court concluded that appellant's explanation did not set forth sufficient reasons for his failure to appear at the conference. Additionally, appellant then did not appear at the scheduled trial date. For these reasons, on February 13, 2013, the trial court dismissed appellant's complaint for failure to prosecute without prejudice.

## II. The Appeal

{¶ 4} Appellant appeals that dismissal and assigns the following errors:

[1.] The trial court should have granted plaintiff Isreal 60 B motion for excusable neglect for not attending and being late to court and or fashioned another appropriate remedy when the medical records and the notorized [sic] affidavit of the facts of plaintiff Isreal's medical condition was filed with the court within 10 days.

[2.] When the court's and or the defendant's performance is deficient in the conduct of trial coupled with prejudice injuring to the detriment of appellant, his right to a fair trial are violated contra the Ohio and Federal Constitutions.

[3.] The trial court should have at least mentioned or considered the medical record submitted to the court before denying the 60B motion.

[4.] The trial court should have considered discovery request No. 8 was not provided to complete plaintiff Isreal discovery request before denying the motion to compel discovery of defendant G-Core to produce the same.

**A. Is the Trial Court's Dismissal Without Prejudice a Final Appealable Order?**

{¶ 5} Although not raised by either party, we first must determine whether the trial court's dismissal of appellant's complaint without prejudice is a final, appealable order over which this court has jurisdiction. *White v. Unknown*, 10th Dist. No. 09AP-1120, 2010-Ohio-3031, ¶ 6. Generally, an involuntary dismissal without prejudice is not a final, appealable order. *Id.*, citing *Dues v. Ohio Dept. of Rehab. and Corr.,* 10th Dist. No. 08AP-943, 2009-Ohio-1668, ¶ 9. *See also Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.,* 114 Ohio St.3d 82, 2007-Ohio-2942, ¶ 8 ("Ordinarily, a dismissal 'otherwise than on the merits' does not prevent a party from refiling and, therefore, ordinarily, such a dismissal is not a final, appealable order."). However, a dismissal without prejudice may be a final, appealable order if the plaintiff cannot refile his suit because the applicable statute of limitations has lapsed and he cannot take advantage of the savings statute.[1] *Selmon v. Crestview Nursing & Rehab. Ctr., Inc.,* 184 Ohio App.3d 317, 2009-Ohio-5078, ¶ 2 (7th Dist.); *White* at ¶ 6.

{¶ 6} Appellant's alleged personal injury occurred on February 15, 2010, and he filed his complaint on February 12, 2012. In general, a plaintiff has two years to file a personal injury claim under R.C. 2305.10. *Summers v. Midwest Allergy Assoc., Inc.*, 10th Dist. No. 02AP-280, 2002-Ohio-7357, ¶ 13. Thus, while appellant did timely file his complaint within the two-year applicable statute of limitations, the statute of limitations has now expired for appellant's claim. However, because the trial court dismissed appellant's complaint without prejudice, and because he has not previously invoked the savings statute to refile his complaint, appellant can take advantage of the savings statute to refile this action within one year of the trial court's dismissal.[2] *Selmon* at ¶ 3; *Dues* at ¶ 10. Therefore, the trial court's dismissal without prejudice is not a final appealable order, and we lack jurisdiction to consider appellant's appeal from such judgment.

---

[1] The savings statute, R.C. 2305.19(A), permits a plaintiff, even after the statute of limitations has expired, to refile a claim that fails otherwise than on the merits within one year after the date of such failure. A dismissal without prejudice is not an adjudication on the merits. *White* at ¶ 6; *Gao v. Barrett*, 10th Dist. No. 10AP-1075, 2011-Ohio-3929, ¶ 14.

[2] A plaintiff may only use the saving statute once to refile a claim. *Gao* at ¶ 13.

## III. Conclusion

{¶ 7}   The trial court's February 13, 2013 judgment entry dismissing appellant's complaint without prejudice is not a final, appealable order.   Accordingly, we dismiss appellant's appeal.

*Appeal dismissed.*

TYACK and CONNOR, JJ., concur.

————————————