[Cite as *CapitalSource Bank v. Miles*, 2014-Ohio-119.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100022**

## CAPITALSOURCE BANK

PLAINTIFF-APPELLANT

vs.

## ANDR'E MILES, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-744822

**BEFORE:** Celebrezze, P.J., Rocco, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 16, 2014

**ATTORNEYS FOR APPELLANT**

Kirk W. Liederbach
Jeffrey R. Puthoff
Law Office of Schwartz & Associates
P.O. Box 14250
Cleveland, Ohio   44114


**ATTORNEYS FOR APPELLEES**

**For Andr'e Miles**

Kathryn Harlow
1255 Euclid Avenue
Suite 300
Cleveland, Ohio   44115

**For Spouse, if any, of Andr'e Miles**

Spouse, if any, of Andr'e Miles, pro se
Andr'e Miles
14469 Rochelle Drive
Maple Heights, Ohio   44137

**For Cuyahoga County Treasurer**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Judith Miles
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

**For National City Bank**

National City Bank, pro se
6750 Miller Road, Loc #7120
Brecksville, Ohio   44141                                 continued

**For State of Ohio, Department of Job & Family Services**

Alan H. Weinberg
Weltman, Weinberg & Reis Co.
200 Lakeside Place
323 Lakeside Avenue, West
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, CapitalSource Bank f.b.o. Aeon Financial, L.L.C. ("Aeon"), brings the instant appeal from the dismissal without prejudice of its foreclosure action against Andr'e Miles. Aeon claims the trial court erred in dismissing its suit based on CapitalSource Bank's failure to register with the Ohio Secretary of State as a foreign company doing business in Ohio. However, Aeon's appeal from this determination is untimely. Therefore, this court lacks jurisdiction to entertain these arguments, and the appeal is dismissed.

## I. Factual and Procedural History

{¶2} Anna Miles owned residential property in Maple Heights, Ohio. County real estate taxes went unpaid for a number of years. She passed away on May 20, 2009. On October 23, 2009, CapitalSource Bank f.b.o. Aeon Financial, L.L.C. purchased delinquent tax certificates related to this property from Cuyahoga County for tax years 2006 through 2009. Aeon recorded the certificates. After attempts to collect the debt were unsuccessful, Aeon filed a foreclosure action on January 3, 2011.

{¶3} Andr'e, the son of Anna Miles, filed an untimely answer, which the trial court accepted. Andr'e attempted to persuade the court that the certificates were void because proper notice had not been sent to Anna Miles or her estate after she passed away. Several motions for summary judgment were filed by the parties. In his January 14, 2013 motion, Andr'e elaborated on a defense raised in his answer — that CapitalSource Bank, an Illinois company, lacked standing to maintain suit because it was not registered with

the secretary of state and was transacting business in Ohio.  Aeon argued that it was the real party in interest and CapitalSource Bank was simply a financing party that transacted no business in Ohio.

{¶4} On March 29, 2013, the magistrate found that CapitalSource Bank was required to register with the secretary of state to maintain suit, and since it had not, the magistrate recommended the case be dismissed without prejudice. On April 1, 2013, the trial court dismissed the case without prejudice.

{¶5} On April 5, 2013, Aeon filed a request for the trial court to issue findings of facts and conclusions of law.  The trial court made it abundantly clear that the case had been dismissed when it ruled, on April 22, 2013, that "[t]here is no jurisdiction to rule on [this] request."  Aeon then filed objections to the magistrate's decision on May 6, 2013. Finally, on May 21, 2013, the trial court entered an order stating: "[Aeon's] objection to magistrate's decision issued March 29, 2013 is not well taken as there is no pending matter before the court."  Aeon then filed a notice of appeal on June 20, 2013, assigning the following errors:

> I. The trial court erred in dismissing the action because it incorrectly identified CapitalSource Bank as the plaintiff in this case and, thus, grounds for dismissal regarding CapitalSource Bank's standing is erroneous.
>
> II. The trial court erred in dismissing the action, ruling CapitalSource Bank lacks standing to invoke the jurisdiction of the court for failure to obtain a license to conduct business under R.C. 1703.29, because CapitalSource Bank is not the plaintiff in the case and, regardless, CapitalSource Bank fbo Aeon Financial (the proper plaintiff) has statutorily-authorized standing under R.C. 5721.37.

III. The trial court erred in granting defendant's motion for summary judgment on the issue of CapitalSource Bank's licensing to do business under R.C. 1703.29 because defendant failed to meet its burden under Ohio Civ.R. 56 to demonstrate that CapitalSource Bank transacts business in the state.

IV. The trial court erred in failing to issue a magistrate's decision with findings of facts and conclusions of law as requested by Plaintiff in compliance with Civ.R. 53(D)(3)(a)(ii).

## II. Law and Analysis

{¶6} Aeon claims that the bank financing its purchases of delinquent tax certificates does not need to register in Ohio in order for Aeon to maintain suit on those certificates, but we do not reach the issues raised in the present appeal. This court is without jurisdiction because Aeon's appeal is untimely.

{¶7} This court only has jurisdiction to entertain timely appeals from final, appealable orders of the lower court.[1] App.R. 4(A); App.R. 3(F)(1); *Chinnock v. Rothschild*, 8th Dist. Cuyahoga No. 83099, 2003-Ohio-6928, ¶ 18. App.R. 4(A) provides, "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed * * *." Assuming there is a final order in the present case, that order was entered before April 22, 2013, when the trial court made clear that it no longer had jurisdiction over the matter.

---

[1] An issue in this case is whether a dismissal without prejudice may constitute a final, appealable order. *See, e.g., Lakeview Holding (OH), L.L.C. v. Deberry*, 8th Dist. Cuyahoga No. 99033, 2013-Ohio-1457. Generally, a dismissal without prejudice does not resolve an action and is therefore not considered a final order in a given case absent some prejudice to the appealing party. *Id.* at ¶ 9. However, we will assume without deciding that the order is final and appealable.

{¶8} Generally, when a party makes a motion for findings of facts and conclusions of law relating to a magistrate's decision, this extends the time the moving party has to file objections to that decision. Civ.R. 53(D)(3)(b)(i). Civ.R. 53(D)(3)(a)(ii) indicates that a request for findings must come within seven days of the magistrate's decision. Civ.R. 53(D)(3)(b)(i) also indicates that the 14-day period within which to file objections to the magistrate's decision is stayed when a timely request for findings is made. It states, "[i]f a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law." Further,

> [a] trial court may adopt a magistrate's decision and enter judgment either before or after the 14-day period for filing objections expires. *See* Civ.R. 53(D)(4)(e)(i). If the court adopts the decision before the period expires, however, the parties still have the right to file objections.

*Skydive Columbus Ohio, L.L.C. v. Litter*, 10th Dist. Franklin No. 09AP-563, 2010-Ohio-3325, ¶ 9.

{¶9} Generally, this would make Aeon's filings timely and the notice of appeal timely as well. However, the trial court adopted the magistrate's decision before Aeon made a request for findings of facts and conclusions of law. In fact, the request made by Aeon for findings is plainly addressed to the trial court, not the magistrate. The trial court made clear in its decision regarding Aeon's request for findings that the case was dismissed and it would no longer entertain filings from Aeon. The April 22, 2013 order of the trial court states, "[t]here is no jurisdiction to rule on [this] request." This, coupled

with the court's April 1, 2013 order dismissing the case without prejudice adequately indicated the court's decision was appealable at that time.

{¶10} Aeon, however, did not immediately appeal. Instead it filed formal, untimely objections on May 6, 2013. The objections were untimely because the filing requesting findings asked the court to make findings regarding its decision. It did not seek the same of the magistrate. This motion does not fit within Civ.R. 53(D)(3)(a)(ii), and therefore does not act to extend the time for objections under Civ.R. 53(D)(4)(e)(i). The rule provides tolling of the time for filing objections until "the magistrate files a decision that includes findings of fact and conclusions of law." Civ.R. 53(D)(3)(b)(i). Aeon never requested that the magistrate issue findings of fact and conclusions of law. The May 6, 2013 objections were therefore untimely. This filing did not act to extend the time for appeal. Therefore, the appeal is untimely and it must be dismissed.[2]

### III. Conclusion

{¶11} This appeal is dismissed as untimely. This court does not touch on the issues raised. Accordingly, Aeon should ensure that it has proper standing to maintain suit and then refile its claim.

{¶12} Accordingly, the appeal is dismissed.

It is ordered that appellees recover of appellant costs herein taxed.

---

[2] This holding is dispositive of the present appeal no matter if the dismissal without prejudice constituted a final, appealable order. If the order issued by the trial court was not appealable because it did not determine the action and did not prevent a judgment, then the same result would occur. The appeal would be dismissed and Aeon would have to refile its claim.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN T. GALLAGHER, J., CONCUR