[Cite as *Bunting v. Weaver*, 2017-Ohio-7017.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| PAUL EDWARD BUNTING, | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | CASE NO. 16 BE 0044 |
| | ) | |
| V. | ) | OPINION |
| | ) | AND |
| THOMAS WEAVER, | ) | JUDGMENT ENTRY |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:     Final Appealable Order

JUDGMENT:     Dismissed

APPEARANCES:
For Plaintiff-Appellant                Paul Bunting, Pro-se
                                       #395-279
                                       P.O. Box 540
                                       St. Clairsville, Ohio 43950-0540

For Defendant-Appellee            Attorney Christopher Berhalter
                                       Assistant Prosecutor
                                         147-A West Main Street
                                         St. Clairsville, Ohio 43950

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

                                           Dated: July 19, 2017

[Cite as *Bunting v. Weaver*, 2017-Ohio-7017.]
PER CURIAM.

{¶1} Plaintiff-Appellant Paul Edward Bunting appeals from a Belmont County Common Pleas Court judgment dismissing his complaint against Defendant-Appellee, Thomas Weaver. The matter now comes before this Court for sua sponte consideration of whether there is a final appealable order. We conclude that judgment entry appealed from does not constitute a final appealable order.

{¶2} Appellant, who is currently incarcerated and acting pro se, filed a complaint against Appellee on February 5, 2016, asserting claims for conversion and breach of contract resulting from an alleged agreement between the parties whereby Appellee was to store a motorcycle and a van for Appellant.

{¶3} Personal service on Appellee was attempted by the sheriff's office six times at the location provided by Appellant, but was unsuccessful. The clerk's office filed a notice of failure of service on April 12, 2016.

{¶4} Appellant then attempted service by certified mail, which was returned to sender on May 13, 2016.

{¶5} On May 27, 2016, the trial court issued a judgment entry stating Appellant had until August 5, 2016, to accomplish service and if service was not accomplished the court would consider dismissing the complaint without prejudice.

{¶6} Appellant again attempted service by certified mail. The certified mail was marked "return to sender unclaimed unable to forward" and was returned on July 15, 2016.

{¶7} On July 20, 2016, Appellant filed a request for an extension of time of four months in which to obtain service on appellee. The trial court denied this request. Appellant filed a motion for reconsideration, which the trial court also denied.

{¶8} On August 9, 2016, the trial court dismissed Appellant's action, without prejudice, citing Civ.R. 4(E). Appellant, still proceeding pro se, filed a notice of appeal on September 2, 2016.

{¶9} Generally, an involuntary dismissal without prejudice is not a final, appealable order. *Selmon v. Crestview Nursing & Rehab. Ctr., Inc.*, 184 Ohio App.3d 317, 2009-Ohio-5078, 920 N.E.2d 1017, ¶ 2 (7th Dist.). Because a dismissal without

prejudice leaves the parties in the same position they were in prior to the action's being filed, the action is treated as though it had never been commenced. *Id.* Therefore, a dismissal without prejudice is not a final determination of the rights of the parties and does not constitute a final order pursuant to R.C. 2505.02, because the parties have the ability to refile the complaint. *Id.*

**{¶10}** Civ.R. 4(E) provides:

> If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

**{¶11}** Thus, the trial court was permitted by the civil rule to dismiss Appellant's lawsuit when he failed to obtain service within six months.

**{¶12}** When a trial court dismisses a case under Civ.R. 4(E) based on a plaintiff's failure to obtain service, the dismissal is otherwise than on the merits pursuant to Civ.R. 41(B)(4). *Thomas v. Freeman*, 79 Ohio St.3d 221, 680 N.E.2d 997 (1997), paragraph one of the syllabus. When a trial court dismisses a case for lack of service, the plaintiff can utilize the savings statute to refile the lawsuit within one year, as long as all other procedural requirements of the savings statute have been met. *Id.* at paragraph two of the syllabus.

**{¶13}** In this case, the court stated that the dismissal was without prejudice. Therefore, Appellant could refile his complaint under the savings statute. Because the trial court dismissed appellant's complaint on August 9, 2016, Appellant still has until August 9, 2017, to refile his complaint.

**{¶14}** Accordingly, appeal dismissed. Costs taxed against Appellant.

**{¶15}** Final order.  Clerk to serve notice as provided by Civil Rules.

Donofrio, J. concurs.

Waite, J. concurs.

Robb, P.J. concurs.