[Cite as *Givens v. Longwell*, 2023-Ohio-3330.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

GREG P. GIVENS,

Plaintiff-Appellant,

v.

JOHN D. LONGWELL,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 22 BE 0038, 22 BE 0039, 22 BE 0040**

---

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case Nos. 22 CV 206, 22 CV 207, 22 CV 208

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Dismissed.

---

Greg P. Givens, *Pro se*, P.O. Box 117, Bellaire, Ohio 43906, Plaintiff-Appellant and

*Atty. M. Winiesdorffer-Schirripa*, *Atty. G. Thomas Smith*, Smith Law PLLC, 516 West Main Street, Clarksburg, West Virginia 26301, and *Atty. Bradley A. Powell*, Droder & Miller, Co., L.P.A., 250 East Fifth Street, Suite 700, Cincinnati, Ohio 45202, for Defendant-Appellee.

Dated: September 15, 2023

**HANNI, J.**

**{¶1}** This matter involves three separate appeals by Plaintiff-Appellant, Greg P. Givens, from three judgments by the Belmont County Common Pleas Court dismissing Appellant's three lawsuits against Defendant-Appellee, John D. Longwell, without prejudice.

**{¶2}** All of Appellant's claims/cases arise from the same facts. Appellee purchased a house at 3735 Highland Avenue in Shadyside (the House) at a sheriff's sale. The deed transferring title was filed on June 28, 2022. The House was formerly owned by Appellant's grandparents, Joseph and Mary Givens. Joseph Givens died in 2007 and was predeceased by his wife.

**{¶3}** In case 22 CV 206 (22-BE-0038), Appellant filed a complaint for replevin against Appellee on July 18, 2022. Appellant asserted Appellee took his personal property (including items such as four automobiles, antiques, heirlooms, clothing, pets, and business equipment) on July 6, 2022, by way of wrongful eviction. That same day, Appellant filed an Affidavit of Inability to Prepay Court Costs for this action, requesting that the trial court waive the filing fee.

**{¶4}** In case 22 CV 207 (22-BE-0039), Appellant filed a complaint against Appellee on July 19, 2022. This complaint asserted what Appellant termed "Constitutional Claims," which included claims for "injury and tort damages," "breach of contract," and "other appropriate claims" and sought a declaratory judgment. That same day, Appellant filed an Affidavit of Inability to Prepay Court Costs for this action, requesting that the trial court waive the filing fee.

**{¶5}** In case 22 CV 208 (22-BE-0040), Appellant filed a complaint against Appellee on July 19, 2022. This complaint also asserted what Appellant termed "Constitutional Claims," which included claims for "injury and tort damages," "breach of contract," and "other appropriate claims" and sought monetary relief. That same day, Appellant filed an Affidavit of Inability to Prepay Court Costs for this action, requesting that the trial court waive the filing fee.

**{¶6}** On July 19, 2022, the trial court put on identical judgments in each of the three cases declining to waive the $225 filing fee in each case. The court noted that Appellant owed $1,202.65 in unpaid court costs from six prior cases, all of which were decided adversely against him. The court directed the clerk of courts to dismiss each case, without prejudice, unless Appellant paid the filing fee for each case in full by August 19, 2022.

**{¶7}** On August 22, 2022, the trial court noted that Appellant had failed to pay the required costs in each case. Therefore, the court dismissed all three cases without prejudice.

**{¶8}** Appellant filed timely notices of appeal in each case on August 25, 2022. Appellant filed his briefs in these cases on February 1, 2023. Appellee filed his reply briefs on March 7, 2023.

**{¶9}** On April 20, 2023, on the motion of the Belmont County Prosecutor's Office, the trial court found Appellant to be a vexatious litigator. Consequently, on May 22, 2023, this court put on a judgment entry granting Appellant 14 days to comply with R.C. 2323.52 (the vexatious litigator statute) as it relates to these appeals. The statute requires vexatious litigators to obtain leave of court before continuing with any legal proceedings instituted in the court of appeals prior to entry of the order declaring them to be a vexatious litigator. Subsequently, on June 1, 2023, Appellant filed motions for leave to proceed in these appeals, which this Court granted.

**{¶10}** Initially, we must address whether these cases involve final appealable orders.

**{¶11}** Appellee asserts that because the trial court dismissed each of these cases "without prejudice," the judgments are not final appealable orders. Thus, Appellee asks that we dismiss these three appeals.

**{¶12}** This court has held that generally, an involuntary dismissal of a complaint without prejudice is not a final appealable order because a party may refile the complaint. *Selmon v. Crestview Nursing & Rehab. Ctr., Inc.*, 184 Ohio App.3d 317, 2009-Ohio-5078, 920 N.E.2d 1017, ¶ 2 (7th Dist.); *Clones v. Kohli*, 7th Dist. Mahoning No. 02 CA 121, 2003-Ohio-3472, ¶ 5.

{¶13} Appellant's complaints in each of these three cases were dismissed without prejudice. Because they were dismissed without prejudice, Appellant was able to refile each of the complaints again. And Appellant did in fact timely refile each of the three complaints. Thus, the judgments in these cases are not final appealable orders.

{¶14} Accordingly, these appeals are dismissed for lack of final appealable orders.

Waite, J., concurs.

Robb, J., concurs.

Case No. 22 BE 0038, 22 BE 0039, 22 BE 0040

———————————————

For the reasons stated in the Opinion rendered herein, these appeals are dismissed for lack of final appealable orders. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**